289 So.2d 398 (1974)
STATE of Florida, Appellant,
v.
Charles S. CROY and Robert W. Sparaco, Appellees.
No. 43987.
Supreme Court of Florida.
January 23, 1974.
*399 Robert L. Shevin, Atty. Gen. and Raymond L. Marky, Asst. Atty. Gen., for appellant.
Richard L. Jorandby, Public Defender, and Norman J. Kapner, Asst. Public Defender, for appellees.
DEKLE, Justice.
This cause comes to us on direct appeal from the Circuit Court in and for Palm Beach County, based upon an express construal of the Florida Constitution.[1] The State appeals the dismissal for lack of jurisdiction of one count of a two-count information. The dismissed count charged the defendants with possession of marijuana in a quantity of less than 5 grams, a misdemeanor under F.S. § 404.15, F.S.A. The second count charged possession of drug paraphernalia, a third degree felony under F.S. § 404.041, F.S.A. Both the marijuana and the drug paraphernalia were obtained simultaneously, pursuant to a search warrant, and the alleged offenses occurred, if at all, at the same time and place. When the cases came before the trial court, the misdemeanor count of the information was dismissed.
Despite the defendants' professed willingness to plead guilty to the misdemeanor and the State's willingness to nolle prosequi the felony charge, the trial judge dismissed the misdemeanor count on the basis that Article V, § 20(c)(3), Fla. Const., did not give his court jurisdiction over the instant misdemeanor, specifically stating that:
"This court construes the above cited section of Article V to grant jurisdiction to the circuit court only of misdemeanors where the misdemeanor arises out of the same facts and circumstances which constitute a felony also charged and does not give jurisdiction to the circuit court of a misdemeanor which is committed at the same time and place of a felony which is also charged." (Emphasis ours)
Basing his order dismissing the misdemeanor on such grounds, the trial judge expressly construed a provision of the state constitution, thus giving rise to our jurisdiction on direct appeal under Article V, § 3(b)(1), Fla. Const.
*400 In determining that Article V, § 20(c) (3), did not vest jurisdiction of the instant misdemeanor count in his court, the learned trial judge fell into error. The relevant portion of that constitutional provision granted the circuit court jurisdiction "of all felonies and of all misdemeanors arising out of the same circumstances as the felony which is also charged". The key phrase in this constitutional provision, for present purposes, is "the same circumstances". Had the framers of the constitution intended to give the circuit court jurisdiction over misdemeanors arising at the same time and place and from the same facts as a felony also charged, it would have been a simple matter for them to say so. They stated explicitly, however, that the circuit court is given jurisdiction over misdemeanors where they arise "out of the same circumstances as the felony which is also charged". (Emphasis ours) Article V, § 20(c)(3), Fla. Const. The intent of the constitution in this regard is clear and cannot be judicially enlarged.
The critical question is whether the misdemeanor charged here (possession of less than 5 grams of marijuana) arose out of the same circumstances as the felony charged (possession of drug paraphernalia). The fact that both offenses were discovered simultaneously in the execution of a search warrant is immaterial; if officers entered a house pursuant to a valid search warrant and found a person committing forcible rape and at the same time found him in possession of 4 grams of marijuana, it would be clear that the misdemeanor did not arise out of the same circumstances as the felony. But here the felony and the misdemeanor charged are so directly related that the misdemeanor truly arises out of the same circumstances as the felony. If, on the other hand, the nature of the offenses charged was so divergent that the only links between the misdemeanor and the felony were the identity of the person charged and the time and place of the discovery of the alleged offenses, then the situation would be as the trial court perceived here, and the misdemeanor could not be said to arise out of the same circumstances as the felony charged.
Applying this test to the instant cause, it can readily be seen that the misdemeanor of possession of marijuana in quantity less than 5 grams and the felony of possession of related drug paraphernalia consisting of syringes and pipes, when discovered at the same time and place, with both proscribed items in the possession of the same persons, do arise out of the same circumstances for purposes of Article V, § 20(c)(3), Fla. Const. By allowing the misdemeanor and the felony to be prosecuted simultaneously in the circuit court, the provision promotes judicial efficiency and economy of time, an objective strongly to be desired in view of the provisions of our Speedy Trial Rule, consistent with the defendants' rights. Indeed here it was detrimental to the defendants not to take jurisdiction of the related misdemeanor to which they desired to "plead down", agreeable to the State in their plea bargaining, another judicial aid and a reasonable, recognized procedure in the efficient disposition of cases.[2] Consideration of the related charges together also tends to obviate difficulties which may arise by way of the doctrine of collateral estoppel, as occurred in Eagle v. State, 249 So.2d 460 (Fla.App. 1st 1971). We recognize, however, that this new constitutional provision precludes joint prosecution of a felony and an unrelated misdemeanor.
Accordingly, we conclude that the learned judge below was in error in determining that the provisions of Article V, § 20(c)(3), Fla. Const. did not grant jurisdiction to the circuit court of the misdemeanor charge of possession of marijuana in quantity less than 5 grams where such offense arose out of the same circumstances as the felony also charged, of possession of drug paraphernalia, a related *401 crime. The trial court order dismissing the misdemeanor count was erroneous and is accordingly reversed, and the cause remanded to the circuit court for further proceedings not inconsistent with this opinion.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, BOYD and McCAIN, JJ., concur.
NOTES
[1] Article V, § 3(b)(1), Fla. Const., F.S.A.; Seay v. State, 286 So.2d 532 (Fla. 1973); Dykman v. State (Fla. 1973).
[2] Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).