362 So.2d 435 (1978)
William N. AYLIN, Appellant,
v.
STATE of Florida, Appellee.
No. JJ-130.
District Court of Appeal of Florida, First District.
September 1, 1978.
*436 James P. Judkins, of Davis & Judkins, Tallahassee, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Acting Chief Judge.
Having properly reserved the right to do so, Aylin appeals from a circuit court judgment convicting him, after a plea of nolo contendere, on a charge that he and others
did agree, conspire, combine and confederate each one with the others to commit the felony of possession of in excess of 100 pounds of CANNABIS and ... WILLIAM NORMAN AYLIN did, in the County of Leon, State of Florida, do an act in furtherance of said conspiracy in that on October 14, 1976, WILLIAM NORMAN AYLIN did depart Tallahassee Municipal Airport enroute to possess in excess of 100 pounds of CANNABIS and to proceed to Stella Maris, Long Island, Bahamas... .
We need address only one of the several issues presented. We find, as appellant contends, that the conspiracy charged is not a felony of the third degree, as found by the trial court. Rather, it is a misdemeanor of the first degree. The speedy trial time proscribed by Rule 3.191, Fla.R. Cr.P., was therefore 90 days, not 180 days. Appellant was not brought to trial within 90 days and his motion for discharge should have been granted.
Section 893.13(1)(a), Florida Statutes (1977), provides in part:
(1)(a) Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
.....
2. A controlled substance named or described in s. 893.03(1)(c), (2)(c), (3), or (4) is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084; except that the sale, delivery, or possession of in excess of 100 pounds of cannabis as controlled in s. 893.03(1)(c) shall constitute a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Section 893.13(1)(e) provides:
(e) It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained... . Any person who violates this provision is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The question of statutory construction is whether, by Section 893.13(1)(a)2, the legislature made simple possession of more than 100 pounds of cannabis a second degree felony or, instead, made possession of that quantity punishable as a second degree felony only when it was sold, manufactured, delivered, or possessed with intent to sell, manufacture, or deliver. It is apparent both from Section 893.13(1)(a) and from the text of the session law, Chapter 76-200, Laws of Florida, that the legislature deliberately subsumed the new 100-pound quantity element under the older prohibition of selling, manufacturing, delivering, or possessing with intent to sell, manufacture, or *437 deliver. It follows that the present information, lacking allegations of a conspiratorial purpose to possess cannabis with intent to sell, manufacture, or deliver it, does not charge a conspiracy to commit the second degree felony proscribed by Section 893.13(1)(a)2. Rather, the offense-object of the alleged conspiracy was the third degree felony of simple possession of cannabis, proscribed by Section 893.13(1)(e).
It is a misdemeanor of the first degree to conspire to commit an offense classified as a felony of the third degree. Section 777.04(4)(d), Florida Statutes (1977). Because the information charged that Aylin was guilty of such a conspiracy, the State was obliged to bring Aylin to trial within 90 days, which it failed to do. Aylin's motion for discharge should have been and now must be granted. The judgment is REVERSED and Aylin is DISCHARGED.
MELVIN and BOOTH, JJ., concur.