McCORD, Chief Judge.
Appellant appeals his conviction of conspiracy to possess in excess of 100 pounds of cannabis. Appellant pled nolo contendere to the charge, reserving his right to appeal the trial court’s denials of his motion for discharge on speedy trial grounds and his motion to suppress wiretap evidence. We reverse.
Appellant was originally arrested on June 23,1977, and charged with various counts of conspiracy to possess and distribute more than 100 pounds of cannabis. Those charges were subsequently dropped and on November 16, 1977, appellant, along with Neil Ryder and Chuck Mitchell, was charged with possession of more than 100 pounds of marijuana and conspiracy to possess and distribute more than 100 pounds of marijuana. Appellant and appellee, the state, entered into a stipulation in which the state agreed to nol pros all charges against appellant except one, which read:
“COUNT III And Harry Morrison as State Attorney for the County of Leon State of Florida further information makes that in the County and State aforesaid RICHARD LYNN CHEWN-ING, NEIL PHILLIP RYDER AND CHARLES B. MITCHELL on the 3rd, 5th, 11th and 13th days of March 1977 by means of telephonic communications conspire one with the others to commit a felony, to-wit: possession of in excess of 100 lbs. of Cannabis contrary to Sections 893.13(l)(a) 2 and 777.04, Florida Statutes.”
The stipulation declared that only two issues were left for the court to determine: (1) whether the wiretap which led to the apprehension of appellant should be suppressed and (2) whether or not appellant engaged in a conspiracy with Mitchell and Ryder to possess more than 100 pounds of cannabis. The stipulation declared that if *145 the conspiracy were found to be for less than 100 pounds, the state agreed that the case should be dismissed for failure of the state to grant appellant a speedy trial since he was not brought to trial within 90 days of the date on which he was taken into custody. The stipulation further declared that if the trial court determined that appellant did engage in a conspiracy for 100 pounds or more, appellant would have the right to plead nolo contendere and appeal the trial court’s ruling.
The evidence shows that appellant conspired with Ryder to consummate a deal involving approximately 50 pounds of marijuana and that on another date, appellant conspired with Mitchell to consummate a deal involving approximately 50 to 60 pounds of marijuana. The trial court determined that appellant engaged in a conspiracy for possession of 100 pounds or more of cannabis and consequently, the trial court denied appellant’s motion for discharge for failure to grant speedy trial. The trial court also denied appellant’s motion to suppress evidence, a point which appellant has also raised on this appeal. Pursuant to the stipulation, appellant pled nolo contendere to conspiracy to possess more than 100 pounds of cannabis and subsequently brought this appeal.
It is not necessary for this Court to resolve the disputed facts, as the trial court did, regarding the relationship between appellant, Ryder and Mitchell for the purpose of determining whether or not the amounts involved in the two deals may be aggregated so that appellant properly could be charged with conspiracy to possess more than 100 pounds total. According to the stipulation, the only charge remaining against appellant was Count III of the information, which charges conspiracy to merely possess more than 100 pounds of cannabis. § 893.13(l)(e), Florida Statutes, classifies simple possession of more than 100 pounds of cannabis as a third degree felony. According to § 777.04(4)(d), Florida Statutes (1977), it is a misdemeanor of the first degree to conspire to commit an offense classified as a felony of the third degree. See Aylin v. State, 362 So.2d 435 (Fla. 1 DCA 1978).[1] As in Aylin, since the only remaining charge against the appellant sub judice is simple possession of more than 100 pounds of cannabis in that the charge under § 893.13(1)(a)2 lacks any allegations of intent to sell, manufacture, or deliver, the information charged only a misdemeanor, and the state was obliged to bring appellant to trial within 90 days but it failed to do so. Therefore, appellant’s motion for discharge should have been, and now must be, granted.
The judgment is REVERSED and appellant is discharged.
Petition for rehearing, if filed, shall be filed within 10 days from the date hereof.
BOYER and MILLS, JJ., concur.

. After oral argument in this cause, appellant filed a notice of additional authority citing Aylin v. State, serving a copy of the notice upon appellee.