370 So.2d 83 (1979)
Vincent L. "Larry" SCHUEREN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. KK-185.
District Court of Appeal of Florida, First District.
April 26, 1979.
*84 Clifford L. Davis, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant seeks reversal of a judgment and sentence for conspiracy to possess more than 100 pounds of marijuana, contending that there was insufficient evidence that he committed that offense, and that the circuit court had no jurisdiction to try him on that charge. We agree and reverse on both points.
The only tangible evidence presented against appellant was (1) a wire tap tape showing that he had relayed information by telephone to co-defendant Mitchell that certain parties in Gainesville had a quantity of marijuana for sale, and (2) evidence that he had later taken the Gainesville parties to Mitchell's residence when they brought the marijuana to Tallahassee for examination by Mitchell and a third co-defendant, Ryder. The record also reveals, however, that Mitchell and Ryder were not seriously interested in purchasing the marijuana and that they did not in fact purchase it. Further it was shown that the Gainesville parties, Toth and Workman, were arrested on their way back to Gainesville and thirty pounds of marijuana were seized from their vehicle.
The evidence was clearly insufficient to prove that appellant conspired to possess the marijuana. In Daudt v. State, 368 So.2d 52 (Fla. 2d DCA 1979), the court vacated a judgment for possession of marijuana, finding:
"At best, the evidence [showed] that appellant brought the parties to the transaction together and expected to be paid for such service. There is no evidence that appellant could have personally carried through with the sale or could have forced [the seller] to consummate the sale."
Similarly here the state's proof showed only that appellant was a go-between in a transaction involving others, and that in fact that transaction never proceeded beyond preliminary stages. Nowhere in the State's case is there any evidence that appellant sought or agreed to obtain possession or exert dominion and control over the Gainesville marijuana at any time. Furthermore there is no evidence that Mitchell and/or Ryder ever formed the requisite intent to possess the marijuana. In short the evidence was simply insufficient to prove the conspiracy charged.
In addition, we agree with appellant that the circuit court had no subject matter jurisdiction to try him on the charge. This court held in Aylin v. State, 362 So.2d 435 *85 (Fla. 1st DCA 1978) that the crime of conspiracy to possess in excess of 100 pounds of cannabis is a first degree misdemeanor, not a third degree felony triable in circuit court. The State concedes this but argues that because the misdemeanor conspiracy count against appellant was part of the same information in which Toth and Workman were charged with felony counts, the circuit court did have jurisdiction.
Article V, Section 20(c)(3) of the Florida Constitution provides that the circuit courts "shall have ... jurisdiction ... of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged... ." In State v. Croy, 289 So.2d 398 (Fla. 1974), the court found that a felony charge of drug paraphernalia possession had "aris[en] out of the same circumstances" as a misdemeanor charge of possession of less than five grams of marijuana, where both proscribed items had been discovered "at the same time and place, in the possession of the same persons," and the drug paraphernalia charge was "a related crime" to the marijuana possession charge. Here, however, the felony charges allegedly arising out of the same circumstances as the misdemeanor conspiracy charge against appellant were counts of drug paraphernalia and marijuana possession against Toth and Workman, and the evidence against appellant was not discovered at the same time or place as was that against Toth and Workman. In addition, the record reveals that appellant was tried separately from Toth and Workman so the interests of judicial efficiency and economy of time contemplated by the constitutional provision were not served.
Thus the circuit court's jurisdiction did not extend to this charge, and the judgment and sentence are therefore a nullity. Waters v. State, 354 So.2d 1277 (Fla. 2d DCA 1978); Dicaprio v. State, 352 So.2d 78 (Fla. 4th DCA 1977). Appellant's remaining point is controlled by this court's decision in Mitchell v. State (Fla. 1st DCA 1979), Case No. JJ-53-55, opinion filed January 16, 1979 (rehearing pending).
REVERSED.
MILLS, Acting C.J., and ERVIN, J., and MASON, ERNEST E., Associate Judge, concur.