ON PETITION FOR REHEARING
PER CURIAM.
Appellant Beasley was charged with, tried and convicted of possession of over 100 pounds of cannabis. He was sentenced to 15 years in the state prison.
His appeal challenges the validity of various pretrial and trial proceedings in the court below. We initially determined that none of his arguments had real merit, although there was support from certain decisions from the First District Court of Appeal for his assertion that prior to the 1979 legislative changes mere possession of cannabis, even in an amount in excess of 100 pounds, was a third degree felony punishable by not more than five years in prison. See Schueren v. State, 370 So.2d 83 (Fla. 1st DCA 1979); Chewning v. State, 366 So.2d 144 (Fla. 1st DCA 1979) and Aylin v. State, 362 So.2d 435 (Fla. 1st DCA 1978). However, we declined to follow our sister court and, accordingly, affirmed appellant’s sentence without opinion.
On petition for rehearing appellant points out that another panel of this court recently elected to follow Schueren, Chewning, and Aylin. Reinersman v. State, 370 So.2d 83 (Fla.2d DCA 1979). In response the state calls to our attention that the fourth district also has refused to adopt the reasoning of Schueren, Chewning et a 1. State v. Brady, 379 So.2d 1294 (Fla. 4th DCA 1980).
In the interest of preserving uniformity, at least within this court, we now hold that *48 mere possession of cannabis is at most a third degree felony. Accordingly, we vacate appellant’s sentence and remand the ease to the circuit court for resentencing in accordance with this opinion.
However, in view of the conflict in opinion among the district courts, and because the subject is of widespread importance to the entire state, we certify the following question to the Supreme Court of Florida:
As Section 893.13 of the Florida Statutes read prior to the changes effected by 1979 legislation, was the unlawful possession, per se, of more than 100 pounds of cannabis a felony of the second or- third degree?
HOBSON, Acting C. J., and OTT and RYDER, JJ., concur.