382 So.2d 325 (1979)
Phillip Neal REINERSMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 79-518.
District Court of Appeal of Florida, Second District.
December 28, 1979.
On Rehearing March 21, 1980.
*326 Jack O. Johnson, Public Defender, and John A. Naser, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
The question presented by this appeal is whether an information charging unlawful possession of more than 100 pounds of cannabis constitutes a second degree felony under Section 893.13(1)(a)2 of our statutes or a third degree felony under Section 893.13(1)(e).[1]
Appellant was charged with unlawful possession of more than 100 pounds of cannabis, in violation of Section 893.13(2)[2] He was subsequently convicted by a jury and sentenced to seven and one-half years probation. One year later, his probation was revoked and he was sentenced to fifteen years imprisonment on the possession charge. Appellant now contends[3] that since the information failed to allege possession with intent to sell or deliver, it only charged simple possession under Section (1)(e), which is a third degree felony. The state, on the other hand, maintains that, under the exception contained in subsection (1)(a)2, mere possession of more than 100 pounds of cannabis is a second degree felony. We hold that when it omitted the element that his possession was with intent to sell or deliver, the information charged appellant with a third degree felony under subsection (1)(e). Because conviction of a third degree felony is punishable by a maximum sentence of five years, neither appellant's original probationary term nor the sentence he appeals could lawfully exceed that period.
Simple possession of cannabis, regardless of the amount, is proscribed by Section 893.13(1)(e), Florida Statutes (Supp. 1976). If the legislature intended to make simple possession of more than 100 pounds a second degree felony, it would have so provided in subsection (1)(e). It has not done so. Rather, it has created an exception under subsection (1)(a)2,[4] which we conclude manifests an intent to make only possession with intent to sell or deliver a second degree felony, and then only if more than 100 pounds is involved.
The same interpretation has been applied by the First District Court of Appeal. Chewning v. State, 366 So.2d 144 (Fla. 1st DCA 1979); Aylin v. State, 362 So.2d 435 (Fla. 1st DCA 1978):

*327 It is apparent both from Section 893.13(1)(a) and from the text of the session law ... that the legislature deliberately subsumed the new 100-pound quantity element under the older prohibition of selling, manufacturing, delivering, or possessing with intent to sell, manufacture, or deliver.
362 So.2d at 436, 437.
Therefore, since appellant was charged with a third degree felony, the maximum sentence which could have been imposed, both originally and upon revocation of probation, was five years. His fifteen year sentence was, therefore, illegal. Because the order revoking probation was entered well within the five-year period we remand to the trial court with directions to resentence appellant and reduce his prison sentence to a maximum of five years. The order of revocation is otherwise affirmed.
GRIMES, C.J., and BOARDMAN, J., concur.

ON PETITION FOR REHEARING
PER CURIAM.
On rehearing appellee requests we certify to the Florida Supreme Court the question we posed at the outset of our opinion. That question was: "[W]hether an information charging unlawful possession of more than 100 pounds of cannabis constitutes a second degree felony under Section 893.13(1)(a)2 of our statutes or a third degree felony under Section 893.13(1)(e)."
The same question, worded in a different manner by our brethren on another panel of this court in an altered decision and opinion rendered on rehearing in Beasley v. State, 382 So.2d 47 (Fla. 2d DCA 1980), was certified to our supreme court as one of great public interest.
Consistency within this court and harmony among the conflicting decisions of the district courts of appeal require that we join in the certification of this question to the Florida Supreme Court. We do so and grant the petition to the extent the question is hereby certified.
GRIMES, C.J., and BOARDMAN and DANAHY, JJ., concur.
NOTES
[1] Section 893.13(1)(a), Fla. Stat. (Supp. 1976), provides in part:

(1)(a) Except as authorized by this chapter and chapter 500, it is unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance. Any person who violates this provision with respect to:
.....
2. A controlled substance named or described in s. 893.03(1)(c) ... is guilty of a felony of the third degree ...; except that the sale, delivery, or possession of in excess of 100 pounds of cannabis as controlled in s. 893.03(1)(c) shall constitute a felony of the second degree, ...
Section 893.13(1)(e) provides:
(e) It is unlawful for any person to be in actual or constructive possession of a controlled substance unless such controlled substance was lawfully obtained from a practitioner or pursuant to a valid prescription or order of a practitioner while acting in the course of his professional practice or to be in actual constructive possession of a controlled substance except as otherwise authorized by this chapter. Any person who violates this provision is guilty of a felony of the third degree, ...
[2] The citation to subsection (2) in the information was obviously a misnomer. The language of the information clearly charged appellant with possession, which is encompassed by subsection (1). The erroneous citation did not mislead appellant to his prejudice and provides no basis for reversal. Fla.R.Crim.P. 3.140(d)(1).
[3] "Consistent with a policy of allowing unlawful length of criminal penalty to be raised at any time ... appellant may raise this issue after the period for a direct appeal has elapsed, by way of this appeal from the revocation of the probation." Bouie v. State, 360 So.2d 1142 (Fla.2d DCA 1978), at 1144.
[4] The exception was added by Ch. 76-200, Laws of Florida, effective October 1, 1976. The crime charged by the instant information occurred on October 2, 1976.