OTT, Judge.
Appellant was convicted of the possession and sale of cocaine. We reverse because the state failed to present proper evidence connecting appellant with the crime.
An undercover agent arranged to buy cocaine from one Knox. They proceeded to a motel and waited in a room until some unidentified person knocked and handed Knox a package of cocaine. Police officers staked out at the motel saw a red pickup truck drive in and park in back of the motel before the delivery took place. Shortly after the sale, officers observed appellant entering a bar a few doors up the street from the motel. They arrested him and a subsequent check revealed that the red pickup truck was registered in his name. In Knox’ car the police found a letter addressed to him at appellant’s residence on the south side of St. Petersburg.
At the trial, the state endeavored to close the obvious gaps in its case by introducing certain statements made by Knox. Knox himself did not appear to testify, but the undercover agent testified that Knox had told him that “his man,” who would be bringing the cocaine from the south side of *1239 St. Petersburg, had been arrested three years earlier for selling 85 pounds of marijuana. Another officer then took the stand and testified that he had arrested appellant three years earlier for selling 85 pounds of marijuana.
Knox’ out-of-court statements were obviously hearsay. The state attempted to avoid that obstacle by casting appellant and Knox as the principals of a conspiracy, thus rendering admissible the hearsay statements of co-conspirator Knox under that exception to the hearsay rule. The difficulty is that before any such statements are admissible, the alleged conspiracy itself must first be established by independent evidence, and the hearsay statements may not be used for that purpose. Briklod v. State, 365 So.2d 1023, 1026 (Fla.1979). In the case before us, only the statements of Knox connect appellant with the crime or with any conspiracy to commit it.
Appellant also attacks the admission of testimony concerning a previous crime-the sale of marijuana three years earlier. In view of our holding on the hearsay point we need not address that issue.
The judgment is reversed with instructions to the trial court to enter a judgment of acquittal. Briklod v. State, supra.
BOARDMAN, Acting C. J., and RYDER, J., concur.