McCORD, Judge.
Appellant was convicted in circuit court under Count IV of a Fourth Amended Information which charged him with conspiracy to possess more than 20 grams of cannabis, a misdemeanor. He appeals his judgment and sentence. We reverse.
Prior to appellant’s jury trial, subsequent to filing an information in the case, the state successively filed four amended infor-mations, the last being filed on the day before the trial. Appellant was charged only in Count III and IV of the Fourth Amended Information, he being charged jointly with one Menkevich in these two counts.
Count I charged Kuhns and Houck with possession with intent to sell, manufacture or deliver more than 20 grams of cannabis (a felony). Count II charged Kuhns and Houck of conspiring with appellant and eleven other persons to commit the felony of possession of more than 20 grams of cannabis (a misdemeanor). Count III apparently was an attempt to charge appellant and Menkevich with felony possession of cannabis. Count IV, on which appellant alone was tried (separately from all other counts), charged appellant as aforesaid with conspiracy to possess more than 20 grams of cannabis (a misdemeanor). Prior to trial, Menkevich had bargained a plea to a lesser offense. Count V charged Menkevich with possession of cocaine, but it was nolle prossed. Counts I and II were apparently severed from Count IV for trial, and Count III was dismissed prior to trial for failure to state a crime. Although the point was not raised in the trial court, appellant contends that the circuit court was without jurisdiction to try him on Count IV as it charged a misdemeanor; that the sole jurisdiction of Count IV was in the county court. This defect being jurisdictional, the question may be raised for the first time on appeal. Radford v. State, 360 So.2d 1303 (Fla.2d DCA 1978).
Under Article V, Section 20, of the Florida Constitution, circuit courts have *572 jurisdiction of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged. County courts have jurisdiction of all criminal misdemeanor cases not cognizable by the circuit courts. Thus, the circuit court did not have jurisdiction to try appellant for the misdemeanor charged in Count IV unless it arose out of the same circumstances as a felony which was also charged. In Schueren v. State, 370 So.2d 83 (Fla. 1st DCA 1979), this Court said:
In State v. Croy, 289 So.2d 398 (Fla.1974), the court found that a felony charge of drug paraphernalia possession had “aris[en] out of the same circumstances” as a misdemeanor charge of possession of less than five grams of marijuana, where both proscribed items had been discovered “at the same time and place, in the possession of the same persons,” and the drug paraphernalia charge was “a related crime” to the marijuana possession charge. Here, however, the felony charges allegedly arising out of the same circumstances as the misdemeanor conspiracy charge against appellant were counts of drug paraphernalia and marijuana possession against Toth and Workman, and the evidence against appellant was not discovered at the same time or place as was that against Toth and Workman. In addition, the record reveals that appellant was tried separately from Toth and Workman so the interests of judicial efficiency and economy of time contemplated by the constitutional provision were not served.
In the case sub judice, Count I charges Kuhns and Houck with felony possession of cannabis, Count II charged a misdemeanor, Count III was dismissed because it did not charge any crime, and Count V was nolle prossed by the state before trial of Count IV. Therefore, the only question for consideration is whether or not Count IV, which went to trial charging only appellant with misdemeanor conspiracy with Kuhns and Houck and others to possess more than 20 grams of cannabis arose out of the same circumstances as Count I, which charged Kuhns and Houck with felony possession or more than 20 grams of cannabis. In the first place, although the court’s order is not in the record, Counts I and IV were obviously severed for trial. Since Count IV was tried separately, as we said in Sehueren, the interests of judicial efficiency and economy of time contemplated by the constitutional provision were not served. In addition, however, Count I charged Kuhns and Houck with possession of cannabis, and this trial transcript of Count IV did not show either appellant, Kuhns or Houck to be in possession of cannabis. Further, the record reveals that the evidence as to Counts I and IV was not gained at the same time or place. Thus, there was not a felony which was also charged which arose out of the same circumstances as Count IV. Therefore, the circuit court did not have jurisdiction.
Appellant also contends that the trial court erred in overruling his objections and motion for mistrial made when the state twice elicited from witness Proffitt testimony concerning a polygraph examination.[1] Proffitt testified that he came to Tallahassee to lay the groundwork for a narcotics deal. He implicated appellant in his testimony. During his testimony, he twice mentioned that his plea agreement with the state included his passing a polygraph examination. On each occasion, appellant unsuccessfully objected and moved for a mistrial. The trial court overruled the objections and denied the motions for mistrial. Appellee contends that here, as in Sullivan v. State, 303 So.2d 632 (Fla.1974), the denial of the motion for mistrial, if error, was harmless error. Sullivan, however, was predicated upon a very different situation. Among other distinctions, unlike here, there the court offered to give a cautionary instruction to the jury to disregard the reference to the polygraph test. (In Sullivan, the defendant declined the offer.) Also, there, unlike here, the evidence excluding the accomplices’ testimony was so *573 strong that the Supreme Court could affirm in spite of it. There the court in the primary opinion authored by Justice Dekle and concurred in by Chief Justice Adkins and Justices Roberts and McCain said:
... we observe that the evidence of appellant’s guilt, including both the testimony of McLaughlin (a participant in the homicide) and appellant’s prior confession is so overwhelming that we cannot say that this one utterance caused a miscarriage of justice which would necessitate a reversal of the conviction. We conclude that, under the peculiar circumstances presented here, the trial court did not commit reversible error in denying appellant’s motion for mistrial. (Emphasis supplied.)
Justice Boyd, in a special concurring opinion with which Justice Ervin concurred, said:
A close examination of the record indicates that the jury had ample reason to find the Defendant guilty of first degree murder and robbery with or without the testimony referring to the lie detector test.
Justice Overton, in a special concurring opinion with which Chief Justice Adkins and Justices Roberts, McCain and Dekle concurred, said:
Fortunately in the present case the evidence, excluding the accomplice’s testimony, was so clear and convincing as to leave no reasonable doubt but that the defendant was guilty of the crimes charged. Most noteworthy among this evidence was a detailed confession, which was dictated, personally corrected, and signed by the defendant after thrice being read his rights. This statement differed in no significant way from the testimony of the defendant’s accomplice, McLaughlin, at trial.
When arrested, the defendant was wearing the victim’s watch and had in his wallet several of the victim’s credit cards, which he had been using to purchase various items. The shotgun, the tire iron, the pistol, and tape similar to that used to tape the victim’s hands were found in Sullivan’s car. Containers of money, similar to those used at the restaurant, were also found in his motel room.
Where independent evidence of guilt is overwhelming, a constitutional error can be rendered harmless. (Citations omitted.) In light of these decisions, I have little difficulty in concluding that the prosecutorial error in the present case was indeed harmless.
In the case sub judice, the error cannot be said to have been harmless. Without the testimony of accomplice Proffitt there would have been little, if any, evidence upon which a conviction could be sustained. It was, therefore, extremely important to the State’s case that the jury believe accomplice Proffitt. His revelation that, as part of his plea bargain with the state, he was to take a lie detector test, could as easily be construed by the jury to mean that he had taken and passed the test as that he had not yet taken it. In fact, it is more likely that the jury would conclude that since the state had put him on the stand as a state witness, he had taken the test and passed it. This obviously would cause the jury to view his testimony with greater credibility than if it had not been revealed to them that he had agreed to take the lie detector test. It was error to overrule appellant’s objections and motions for mistrial, and under the circumstances of this case, the error was not harmless. Compare Dean v. State, 325 So.2d 14 (Fla. 1st DCA 1975).
We have considered appellant’s contention that the trial court erred in denying his motion for discharge under the speedy trial rule and find it to be without merit.
REVERSED.
SHIVERS, J., and LILES, WOODIE A., (Retired) Associate Judge, concur.

. The results of a polygraph test are not admissible in evidence. Anderson v. State, 241 So.2d 390 (Fla.1970); Kaminski v. State, 63 So.2d 339 (Fla.1952).