492 So.2d 819 (1986)
Richard A. GARCIA, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1179.
District Court of Appeal of Florida, Second District.
August 13, 1986.
Rehearing Denied September 19, 1986.
Dominic J. Baccarella, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Richard A. Garcia was charged in a two-count information with trafficking in cocaine and conspiracy to traffic in cocaine, violations of sections 893.03(2)(a)4 and 893.135(1)(b)3, Florida Statutes (1983). A jury found him guilty as charged. The trial court sentenced him to fifteen years imprisonment and imposed a $250,000 fine on both counts, the sentences to run concurrently. Garcia timely appealed, challenging his convictions and sentences. For the reasons stated below, we affirm.
*820 We deal initially with the conspiracy conviction. Garcia contends that the trial court erred in permitting hearsay testimony of his alleged involvement in the conspiracy without first, in the order of proof, requiring the state to establish by independent evidence the existence of the conspiracy.
In the case before us, the trial court, over Garcia's objection, allowed undercover agent Juan Perez at the outset of the trial to relate hearsay statements made to him by Marcus Betancourt, a member of the conspiracy. According to Perez, on the day he, Betancourt, and Soria Fernandez met to discuss a possible drug buy, Betancourt told him that he and his "brother" had buyers, and could distribute over nine kilos of cocaine every two weeks in the Tampa area. The following day, Perez, Betancourt, and Fernandez met at a house, which turned out to be Garcia's residence, to complete the buy. Betancourt mentioned that his "brother" was in the Florida room with the buyer. Garcia then came into the living room. Betancourt introduced Garcia to Perez as his "brother."[1] At that point Perez told Garcia that if he (Garcia) wanted, they could "do ... the other three kilos the following day." According to Perez, Garcia responded, "No, no. We got to do the whole four kilos today." Then Betancourt and Garcia discussed whether to complete the entire transaction on the same day or to wait until the following day. Garcia told Betancourt and Perez "not to worry"; that "everything is going to be okay." Garcia then went into the bedroom.
In Briklod v. State, 365 So.2d 1023 (Fla. 1978), our supreme court stated:
While it is true that a hearsay statement of a defendant's alleged coconspirator is admissible against the defendant if the statement is made during the pendency of the conspiracy and in furtherance of its objectives, such testimony of hearsay statements is admissible only if the conspiracy itself has been established by independent evidence, i.e., not adduced from the hearsay testimony.
Id. at 1026. Moreover, the independent evidence must disclose the participation in the conspiracy of the party objecting to the hearsay. See State v. Wilson, 466 So.2d 1152 (Fla. 2d DCA 1985).
Briklod incorporates a portion of Justice Jackson's special concurrence in Krulewitch v. United States, 336 U.S. 440, 453, 69 S.Ct. 716, 723, 93 L.Ed.2d 790 (1949), which states that "the prosecution should first establish prima facie the conspiracy ... after which evidence of acts and declarations of each ... are admissible against all." This language suggests that Garcia's claim of error may have merit. Briklod, however, also refers to Honchell v. State, 257 So.2d 889 (Fla. 1971), in which the supreme court expressed the principle that:
While the existence of a conspiracy and the connection of the defendant therewith normally must precede the introduction of evidence of acts and declarations of the parties thereto, the trial judge in his discretion may permit the order of proofs to be reversed, admitting evidence of the acts and declarations of the coconspirators before proof is given of the conspiracy itself. However, this is conditional on the prosecutor subsequently furnishing adequate proof of the conspiracy itself.
Id. at 890 n. 1. See Briklod, 365 So.2d at 1026.
Contrary to Garcia's perception of Nichols v. State, 390 So.2d 1238 (Fla. 2d DCA 1980), and State v. Morales, 460 So.2d 410 (Fla. 2d DCA 1984), we have not pronounced a rule to be operative in a matter of this kind calling for a bifurcation of the proof first disclosing the independent evidence, vel non, of the existence of a conspiracy subject in the next phase to proof of participation. Garcia reads too much into Nichols; that decision merely highlights the essential element of nonhearsay proof of the conspiracy as a condition to *821 the exception approving the admissibility of hearsay testimony. Similarly, he misconceives Morales in which we passed upon the division of responsibility between the trial court and the jury in assessing the sufficiency of the independent evidence of a conspiracy and the standard of proof by which such evidence is tested. Morales does not, however, impose an obligation upon the trial court, in derogation of its discretion to order the proof, first to hear the independent evidence disclosing a conspiracy. We do not gainsay that ideally, as is noted in Morales and as occurred in State v. Wilson, 466 So.2d 1152 (Fla. 2d DCA 1985), gauging the quality of the independent evidence in limine obviates the risks and concerns stemming from the evidence first being revealed in the presence of the jury. Thus, even though it may be argued that a threshold development of the independent evidence of a conspiracy might be desirable in order to insure that such evidence exists and that the jury is insulated from inculpatory hearsay, we are constrained to follow the principle that the trial court is endowed with the discretion to control the order of the presentation of the evidence.
Based upon the foregoing principles, the record supports the presence of a conspiracy and Garcia's participation in it. For this reason, his trafficking conviction must also stand. See Boyd v. State, 389 So.2d 642 (Fla. 2d DCA 1980). We find no merit in Garcia's remaining claims of error.
Garcia's convictions and sentences are, therefore, affirmed.
SCHEB, A.C.J., and FRANK and SANDERLIN, JJ., concur.
NOTES
[1] Although the record discloses that Garcia is not Betancourt's brother, Betancourt, nonetheless, referred to him in that manner.