503 So.2d 923 (1987)
Clarence MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1918.
District Court of Appeal of Florida, Fifth District.
February 12, 1987.
Rehearing Denied March 9, 1987.
*924 Louis Ossinsky, Jr., of Ossinsky, Krol and Hess, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant below, Clarence Moore, appeals his conviction for (1) trafficking in morphine in excess of 28 grams and (2) conspiracy to traffic in morphine. The principal issue on appeal is whether the trial court erred in admitting tape recorded conversations involving hearsay statements of coconspirators. Two of these conversations occurred between a codefendant (Laney) and a police informant (Stansell) on dates prior to the date of arrest, November 29, 1985; one occurred between Moore, Laney and a codefendant, Elva Cooper, immediately after their arrests on November 29, 1985.
Section 90.803(18)(e), Florida Statutes (1985), provides for the admissibility of a statement by a coconspirator "during the course, and in furtherance, of the conspiracy." This statute further provides that "the conspiracy itself and each member's participation in it must be established by independent evidence" prior to the introduction of such statements.
In the instant case the state established by independent evidence Moore's presence at the scene of the drug transaction on November 29 and his participation in it. This was not enough. We recognize that a conspiracy may be proved by circumstantial evidence, Resnick v. State, 287 So.2d 24 (Fla. 1973). And, in this case, we consider the circumstantial evidence of Moore's activities at the scene of the incident and his subsequent admission against interest immediately after arrest ("We rushed and made a mistake") sufficient to implicate him as a participant in the offense of trafficking and, marginally, party to the plan at some prior time. Nevertheless, there was no proof  independent or otherwise  that Moore was a party to a conspiracy to traffic at the time of the previously recorded conversations i.e., those prior to November 29) between Laney and Stansell. As we read the statute, such proof was an essential predicate to the admission of the hearsay statements. Moreover, the statements made by coconspirators after completion of the crime, hence after the conspiracy, do not meet the statutory requirement that such statements, to be admissible, must be made "during the course, and in furtherance, of the conspiracy." See Wells v. State, 492 So.2d 712, 719 (Fla. 1st DCA 1986); see also Krulewitch v. U.S., 336 U.S. 440, 69 S.Ct. 716, 93 L.Ed. 790 (1949).
We find that the convictions herein were tainted by the erroneous admission of the previously recorded conversations between Laney and Stansell, and the recorded conversations of Laney and Cooper. The conviction on trafficking below was dependent on the conspiracy conviction, inasmuch *925 as the quantity of morphine involved in the conspiracy was constructively imputed to Moore in regard to the trafficking count. Accordingly, we reverse and remand for a new trial on both counts.
REVERSED and REMANDED.
DAUKSCH J., concurs.
SHARP, J., concurs specially with opinion.
SHARP, Judge, concurring specially.
Moore's conviction for conspiracy to traffic in morphine must be reversed and a new trial granted due to the erroneous admission of taped conversations between Stansell and alleged coconspirator Laney, on November 20, 1985 and November 28, 1985. There is no independent evidence that Moore was a party to the conspiracy on those dates. Therefore, the tapes are not relevant to prove Moore's participation in the conspiracy. Nelson v. State, 490 So.2d 32 (Fla. 1986). Similarly, the post-arrest admissions of the other co-defendants should not have been admitted against Moore since at that time the conspiracy had concluded. Wells v. State, 492 So.2d 712 (Fla. 1st DCA 1986). Their erroneous admission on the conspiracy charge was reversible error.
There was sufficient minimal evidence of Moore's participation in a conspiracy to purchase morphine on November 29, 1985, the day of the purchase and arrest, to make coconspirators' statements on that day admissible. A conspiracy can be proved in part by the circumstantial evidence that a person was present and participated in the crime. See Resnick v. State, 287 So.2d 24 (Fla. 1973); State v. Morales, 460 So.2d 410 (Fla. 2d DCA 1984). Further, Moore's admission that "We rushed and made a mistake" clearly provides additional independent evidence of a joint enterprise undertaken by himself and Laney to purchase morphine, at least on the day of the sale.
Therefore on remand, Laney's statements[1] to Stansell on November 29th should be admissible against Moore pursuant to section 90.803(18)(e), Florida Statutes (1985) on retrial. These statements were made in furtherance of the drug buy, and while the conspiracy was ongoing.
NOTES
[1] Laney stated that Mo Boy was "his man" who had funds to buy the drugs. Also, during the purchase Laney stated Moore wanted to inspect the drugs and after he had done so, "was pleased."