536 So.2d 1162 (1988)
Robert J. VERNI, Appellant,
v.
STATE of Florida, Appellee.
No. 86-3242.
District Court of Appeal of Florida, Second District.
December 30, 1988.
*1163 James Marion Moorman, Public Defender, and Robert M. Mack, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The defendant, Robert J. Verni, appeals his convictions and sentences for trafficking in cocaine and conspiracy to traffic in cocaine. The court sentenced him to two fifteen-year concurrent prison terms and two $250,000 fines. We affirm his conviction and sentence for trafficking but reverse the conviction for conspiracy to traffic.
The state filed an information charging Verni with trafficking in cocaine and conspiracy to traffic in cocaine. A jury found Verni guilty on both counts. Verni's convictions arose from a sale of cocaine by Verni (operating by the name "Joe") and Wilkins (his alleged coconspirator) to Harkins (an undercover detective) and a confidential informant (C.I.). The sale was set up by a phone call, which was taped by Harkins, between Wilkins and the C.I. in which Wilkins mentioned "Joe's" involvement with the drug deal. When Harkins and the C.I. arrived at Verni's house to buy the drugs, Verni answered to the name "Joe" several times. In last-minute bargaining about the cost of the cocaine, Verni and Wilkins took what was described as a "united front" approach, insisting on a certain monetary payment.
On appeal, Verni raises three issues. The only one we find meritorious is his contention that the trial court erred in allowing Harkins to testify concerning Wilkins' confession over objection. Verni argues that this constituted a Bruton violation because Wilkins did not testify at Verni's trial and was, therefore, not subject to cross-examination. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). We agree. In Bruton, the Supreme Court held that a defendant's right of cross-examination, secured by the confrontation clause of the sixth amendment, was violated when the implicating confession of his codefendant, who did not testify, was admitted into evidence in their joint trial. As Verni correctly indicates, the fact that he and Wilkins were not tried together does not make Bruton inapplicable. Hall v. State, 381 So.2d 683 (Fla. 1979) (Bruton violation occurred where criminal partner had made incriminating statements to detective but took the fifth amendment in defendant's separate trial). Wilkins did not testify at Verni's trial; thus, Verni was unable to cross-examine Wilkins about the confession which implicated him.
The state urges that the implication of Verni via Wilkins' confession was merely cumulative to the other evidence linking Verni to the crimes. The state argues that any Bruton violation was, therefore, harmless. We agree with the state that any reference in Wilkins' confession to Verni's involvement in the trafficking offense was harmless in light of Harkins' uncontradicted firsthand testimony concerning the drug sale. As to the conspiracy count, however, the confession's precise explanation of how money was to be shared was highly prejudicial to Verni, especially since there was no live firsthand testimony on this count. The trial court, therefore, erred in allowing Harkins to testify concerning Wilkins' confession, and as relates to the conspiracy conviction, the error was not harmless.
*1164 Verni next contends that it was error to allow Harkins to testify about the contents of the recorded telephone conversation between the C.I. and Wilkins. During the conversation, Wilkins referred to his partner as "Joe." Later, it was discovered that "Joe" was Verni. Section 90.803(18)(e), Florida Statutes (1985), provides for the admissibility of statements by a coconspirator "during the course, and in furtherance, of the conspiracy." However, "the conspiracy itself and each member's participation in it must be established by independent evidence."[1] Therefore, this court must examine whether there was substantial evidence, free from the taint of hearsay, upon which the court could find, at least preliminarily, that a conspiracy existed and the person objecting to the hearsay statements was an active participant. State v. Wilson, 466 So.2d 1152 (Fla. 2d DCA 1985).
Verni argues that there was no proof, independent or otherwise, to indicate that he was a party to the conspiracy at the time of the recorded conversation. He cites as analogous Moore v. State, 503 So.2d 923 (Fla. 5th DCA 1987), in which the court held inadmissible a tape-recorded conversation such as the one between the C.I. and Wilkins. In Moore, there was no proof that the defendant was a party to the conspiracy at the time of the conversation.
Contrary to Verni's arguments, we think the instant case is not similar to Moore. In Moore, the court simply indicated:
Moore's activities at the scene of the incident and his subsequent admission against interest ... ("We rushed and made a mistake") [were] sufficient to implicate him as a participant in the offense of trafficking and, marginally, party to the plan at some prior time[,] ... there was no proof  independent or otherwise  that Moore was a party to the conspiracy at the time of previously recorded conversations.
Rather, the instant case is more factually similar to Garcia v. State, 492 So.2d 819 (Fla. 2d DCA 1986), where we held that hearsay testimony of a defendant's conspiracy involvement may be admitted before conspiracy is established by independent evidence as long as such evidence is eventually presented. The independent evidence of the conspiracy in Garcia is almost identical to that in the instant case.
In Garcia, the day before the drug transaction, Garcia's coconspirator told an undercover agent that his "brother" would be involved in the drug transaction. The next day during the transaction, Garcia's coconspirator again referred to him as his "brother," and Garcia responded accordingly. Based on these facts, this court held that such a reference constituted proof that Garcia was a party to the conspiracy at the time of the conversation between his coconspirator and the undercover agent the day before.
Verni urges that while "brother" is a unique reference, the reference to "Joe" is not sufficiently unique to constitute proof that Verni was a party at the time of the taped conversation between Wilkins and the C.I. We disagree. Even assuming, arguendo, that under Moore, Verni's participation in the trafficking and perhaps even his "united front" approach with Wilkins concerning the cocaine's price may not have been sufficient to show that he was a party to the conspiracy the day before, we think Verni's presentation of himself as "Joe" during the transaction the next day is sufficient. As we observed in Garcia, the order of the evidence presented is not controlling. Therefore, since the state established the required evidence of conspiracy, Harkins' testimony as to the contents of the conversation between Wilkins and the C.I. was admissible as a coconspirator's statements under Section 90.803(18)(e), Florida Statutes (1985).
Finally, Verni argues that the trial court erred in denying his motion to compel disclosure *1165 of the identity of the C.I. We have reviewed his contention and the record and find no merit to this point.
We affirm the conviction and sentence for trafficking. The conviction for conspiracy to traffic in cocaine is reversed and remanded for proceedings consistent with this opinion.
SCHOONOVER and HALL, JJ., concur.
NOTES
[1] See State v. Morales, 460 So.2d 410 (Fla. 2d DCA 1984) (substantial independent evidence of a conspiracy is necessary to justify admission of alleged coconspirators' statements). See also State v. Edwards, 536 So.2d 288 (Fla. 1st DCA 1988), which agreed with Morales despite a challenge to Morales' continued viability as articulated in Romani v. State, 528 So.2d 15 (Fla. 3d DCA 1988).