LEHAN, Judge.
Defendant appeals from his conviction for conspiracy to traffic in cocaine. We affirm.
Defendant contends that the trial court erred in admitting into evidence the hearsay testimony of an alleged co-conspirator because there was no evidence independent of that testimony to establish defendant’s participation in the alleged conspiracy. We agree that such independent evidence is necessary to justify the admission into evidence of an alleged co-conspirator’s hearsay statements. Verni v. State, 536 So.2d 1162 (Fla. 2d DCA 1988); State v. Edwards, 536 So.2d 288 (Fla. 1st DCA 1988); State v. Morales, 460 So.2d 410 (Fla. 2d DCA 1984). Contra Romani v. State, 528 So.2d 15 (Fla. 3d DCA 1988).
Schueren v. State, 370 So.2d 83, 84 (Fla. 1st DCA 1979), overruled sub nom. on other grounds, Parker v. State, 406 So.2d 1089 (Fla. 1981), can be cited in support of defendant’s argument that since that independent evidence shows that he was only a go-between arranging a cocaine purchase by undercover police officers from third party suppliers, he could not have been properly convicted of being a member of a conspiracy in that regard. However, we conclude that Schueren is inapposite. While in this case there was evidence indicating that defendant was a go-between, there was other evidence from which the jury could have concluded that defendant was to be a supplier. See Orantes v. State, 452 So.2d 68 (Fla. 1st DCA), rev. denied, 461 So.2d 115 (Fla.1984); Brown v. State, 468 So.2d 325 (Fla. 2d DCA), rev. denied, 476 So.2d 672 (Fla.1985). It is not within our province to reweigh the evidence. See Tsavaris v. NCNB National Bank, 497 So.2d 1338 (Fla. 2d DCA 1986).
We find no merit in defendant’s additional contention that the trial court erred in denying his motion for judgment of acquittal.
AFFIRMED.
DANAHY, A.C.J., and PATTERSON, J., concur.