LEHAN, Judge.
We affirm defendant’s convictions for trafficking in cocaine in excess of 400 grams, a violation of section 893.135(1)(b)3, Florida Statutes (1983), and for conspiracy to traffic in cocaine, a violation of section 893.135(4), Florida Statutes (1983). The convictions arose from defendant’s involvement in a scheme in which cocaine contained in a duffel bag was surreptitiously dropped, at a pre-arranged location in west central Florida, from an aircraft piloted by defendant during a DEA-sponsored flight.
There was sufficient circumstantial evidence of defendant’s involvement in the scheme independent of the hearsay co-conspirator testimony the admission into evidence of which defendant contends was error. See State v. Morales, 460 So.2d 410 (Fla. 2d DCA 1984). Defendant was the pilot of the aircraft. He was accompanied by a man named Sails, who did not appear at trial. There was testimony from the DEA agents who monitored the flight that defendant did not take the most direct flight path from the departure point in Homestead to the destination in Tampa. While defendant was unfamiliar with the west central Florida area, his flight path *347 took the plane directly over Sails’s property, where the duffel bag containing the cocaine was dropped and was picked up by waiting co-conspirators on the ground. There was testimony that opening the plane door during the flight to drop the duffel bag would cause a loud, easily-heard noise. We will not reweigh evidence which is sufficient to justify the admissibility of co-conspirators’ hearsay testimony. Huff v. State, 537 So.2d 1130 (Fla. 2d DCA 1989). That no James * hearing was conducted before the hearsay testimony was admitted was not reversible error. Garcia v. State, 492 So.2d 819, 821 (Fla. 2d DCA 1986).
The independent evidence described above, together with the hearsay co-conspirator testimony, was sufficient to justify defendant’s convictions. The hearsay testimony included statements by Sails to one co-conspirator that Sails and defendant “got away” from a customs plane.
We disagree with defendant’s contention that the hearsay statements which were made after the object of the conspiracy had been completed were not admissible. See United States v. Traitz, 871 F.2d 368, 399 (3d Cir.), cert. denied, — U.S. -, 110 S.Ct. 78, 107 L.Ed.2d 44 (1989) (quoting and citing United States v. Ammar, 714 F.2d 238, 252 (3d Cir.), cert. denied, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983)).
Affirmed.
SCHOONOVER, A.C.J., and PARKER, J., concur.

 United States v. James, 590 F.2d 575 (5th Cir.) (en banc), cert. denied, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979).