389 So.2d 642 (1980)
John D. BOYD, Appellant,
v.
STATE of Florida, Appellee.
No. 79-101.
District Court of Appeal of Florida, Second District.
March 19, 1980.
As Modified On Denial of Rehearing May 14, 1980.
*644 William M. Moran, George D. Gold, and Sheryl Joyce Lowenthal of Moran & Gold, Miami, and Ronald K. Cacciatore, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
What jury instructions on the subject of conspiracy are required in a criminal trial when the crime of conspiracy is not charged but proof of a conspiracy is relied upon to establish the defendant's responsibility for the crime charged and hearsay statements of co-conspirators are admitted as evidence of the conspiracy? We address this question for the first time and find error in the instructions given in this case. Therefore, we reverse appellant's conviction and remand for a new trial.
Appellant was charged in a three-count information with (1) bringing a controlled substance into Florida, (2) possession of cannabis over 5 grams, and (3) possession of cannabis with intent to deliver. All three charges stemmed from the off-loading of a quantity of marijuana from a small aircraft which landed in a wooded area of Glades County. Appellant was not present on that occasion but the state charged him with importation and possession on the theory that those present were co-conspirators of appellant in a scheme to import marijuana from South America. A jury found appellant guilty as charged on all three counts.

Cautionary Instructions Regarding Co-Conspirators' Hearsay Statements
The trial judge permitted witnesses to testify as to out-of-court declarations and acts of appellant's alleged co-conspirators under the co-conspirator exception to the hearsay rule. That rule has its genesis in the basic principle that when a conspiracy is established, everything said, written, or done by any of the conspirators in execution or furtherance of the common purpose is deemed to have been said, done, or written by every one of them and may be proved against each. Brown v. State, 128 Fla. 762, 175 So. 515 (1937), clarified, 130 Fla. 479, 178 So. 153 (1938). Accordingly, a hearsay (out-of-court) statement of a defendant's alleged co-conspirator is admissible against the defendant if the statement was made during the pendency of the conspiracy and in furtherance of its objectives, provided that there is evidence of the conspiracy independent of the hearsay testimony. The requirement of independent evidence is a condition of admissibility. Briklod v. State, 365 So.2d 1023 (Fla. 1978); Resnick v. State, 287 So.2d 24 (Fla. 1973).
The admissibility of an out-of-court declaration of a co-conspirator is not affected by the fact that the defendant is not charged with the crime of conspiracy. People v. Wallace, 13 Cal. App.3d 608, 91 Cal. Rptr. 643 (Ct.App. 1970). However, in cases where conspiracy is not charged but the existence of a conspiracy must be established in order for the jury to find the defendant guilty, as well as in cases where the crime of conspiracy is charged, the condition of admissibility of a co-conspirator's hearsay statement  the existence of independent evidence of the conspiracy  coincides with an ultimate fact which the jury must find. This raises the question whether the condition of admissibility is for the judge to determine, for the jury to determine, or for both.
In the present case, at that point in the trial when the hearsay statements of appellant's alleged co-conspirators were first offered in evidence, appellant requested the trial judge to give the jury an instruction which he describes as the cautionary instruction called an Apollo instruction held to be required in such situations by the *645 court in United States v. Apollo, 476 F.2d 156 (5th Cir.1973). The trial judge declined and appellant argues that his refusal to give the instruction was error.
We reject appellant's argument for two reasons. In the first place, the instruction requested by appellant was not the Apollo instruction. The Apollo case involved fourteen defendants charged with a conspiracy to import marijuana, four of whom were also charged with the substantive offense of importing a specific amount of marijuana. In that context  that is, a conspiracy case involving multiple defendants  the Apollo court held that when extrajudicial statements of alleged co-conspirators are proffered, the trial judge must give a cautionary instruction on the limited uses of such hearsay testimony, explaining clearly to the jury the requirement that the conspiracy itself and each defendant's participation in it must be established by independent, nonhearsay evidence.
In this case, appellant requested that the following instruction be given:
Any admissions or statements made or acts done outside of court by one person may not be considered as evidence against any person who was not present and did not hear the statement made or see the act done. Therefore, statements of any alleged conspirator which are not made in furtherance of a conspiracy or made before its existence or after its termination may be considered as evidence only against the person making that. However, [if] it ever is established beyond a reasonable doubt from the evidence that a conspiracy existed and from independent evidence of his own conduct, it is established beyond a reasonable doubt that the defendant was one of its members, then the statements thereof knowingly made, the actions thereof, knowingly done, by any person likewise found to be a member, may be considered as evidence in the case as to any defendant found from the evidence, beyond a reasonable doubt to [be] a member of the conspiracy.
A very similar instruction was disapproved in United States v. Dennis, 183 F.2d 201 (2d Cir.1950), aff'd, 341 U.S. 494, 71 S.Ct. 857, 95 L.Ed. 1137 (1951). The comments on the point in that opinion by Judge Learned Hand are particularly apposite and have been quoted many times by courts following his reasoning:
It is difficult to see what value the declarations could have as proof of the conspiracy, if before using them the jury had to be satisfied that the declarant and the accused were engaged in the conspiracy charged; for upon that hypothesis the declarations would merely serve to confirm what the jury had already decided. In strict logic these instructions in effect altogether withdrew the declarations from the jury, and it was idle to put them in at all. The law is indeed not wholly clear as to who must decide whether such a declaration may be used; but we think that the better doctrine is that the judge is always to decide, as concededly he generally must, any issues of fact on which the competence of evidence depends, and that, if he decides it to be competent, he is to leave it to the jury to use like any other evidence, without instructing them to consider it as proof only after they too have decided a preliminary issue which alone makes it competent. Indeed, it is a practical impossibility for laymen, and for that matter for most judges, to keep their minds in the isolated compartments that this requires.
Judge Hand's analysis has been adopted and followed in both federal and state courts. E.g., Carbo v. United States, 314 F.2d 718 (9th Cir.1963), cert. denied, 377 U.S. 953, 84 S.Ct. 1265, 12 L.Ed.2d 498, cert. denied, 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498, cert. denied, 377 U.S. 953, 84 S.Ct. 1627, 12 L.Ed.2d 498; People v. Halpin, App.Div., 418 N.Y.S.2d 929 (App.Div. 1979). Finding no error in the trial judge's refusal to give an instruction similar to that requested by appellant in this case, the court in Carbo pointed out that such an instruction would have the trial judge in effect say to the jury "you may not consider *646 this evidence unless you first find the defendant guilty."
But even if the instruction requested by appellant in this case had been the correct Apollo instruction, we nevertheless would find no error in the trial judge's refusal to give that instruction. Appellant was the only defendant in this case and he does not claim that there was insufficient independent evidence of a conspiracy. Under either circumstance, no prejudice results from the failure to give a cautionary Apollo instruction; that instruction in such a case is meaningless and useless. United States v. Buschman, 527 F.2d 1082 (7th Cir.1976); United States v. Moore, 505 F.2d 620 (5th Cir.1974), cert. denied, 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975).
We note parenthetically that the court which rendered the Apollo decision recently overruled it. United States v. James, 590 F.2d 575 (5th Cir.1979), cert. denied, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). The James court held that the preliminary determination of the admissibility of a co-conspirator's hearsay statement is to be made pursuant to Federal Rule of Evidence 104(a), and that rule requires the trial judge alone to make the determination. The court explained that the Apollo instruction reflected the thought that both the trial judge and the jury played a part in the determination of admissibility. The Federal Rules of Evidence became effective July 1, 1975, two years after the decision in Apollo.
But the Apollo rule lives on in Florida. The Florida Evidence Code (Chapter 90, Florida Statutes, 1979) is similar to the Federal Rules of Evidence in many respects; Section 90.105 of the Code is a counterpart of Federal Rule of Evidence 104. The co-conspirator exception to the Hearsay rule is almost identically stated in Federal Rules of Evidence 801(d)(2)(E) and in Section 90.803(18)(e) of the Florida Evidence Code. Unlike the federal rules, however, Section 90.803(18)(e) adopts the Apollo instruction by providing that "upon request of counsel, the court shall instruct the jury that the conspiracy itself and each member's participation in it must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph." The Florida Evidence Code became effective July 1, 1979 (though originally enacted by the legislature in 1976), and does not apply to the case before us.

Final Instructions on Conspiracy
The trial judge in this case gave the jury an instruction on the subject of conspiracy as requested by the state before the jury retired to begin its deliberations. Appellant claims that the giving of that instruction was error because he was not charged with the offense of conspiracy and could not have been convicted of the crime of conspiracy. Alternatively, appellant argues that the instruction given was inadequate and misleading. He argues that if an instruction on conspiracy is proper, it should have been the instruction on criminal conspiracy contained in Florida Standard Jury Instructions in Criminal Cases.[1]
*647 Appellant is correct in one respect. The instruction on conspiracy given in this case was indeed inadequate and misleading, and the giving of it constituted reversible error. The instruction was as follows:
Now when several persons combine together to commit an unlawful act, each is criminally responsible for the act of his associates committed in furtherance of the common design. Each conspirator must take the risk of being bound by the actions of the others taken or done in the furtherance of the perpetration of that particular unlawful act as long as the conspiracy lasts. Each becomes responsible for whatever one of the others may do during the continuance of the conspiracy in pursuance of the design or in connection with the carrying out of the purpose of the conspiracy, although the methods and means to effect the purpose have not been definitely agreed upon amongst the conspirators.
As a statement of law, the instruction is correct as far as it goes. In a trial for a substantive offense, evidence is admissible to prove a conspiracy to commit the substantive crime charged (although no conspiracy is charged) on the theory that the principal crime charged may itself be established by first proving the formation and execution of a pre-existing conspiracy out of which its accomplishment was realized in the completion of the substantive offense. Brown v. State, supra. Thus a conviction for a possessory crime may rest on proof of the possession of a co-conspirator. People v. Oliver, 129 Ill. App.2d 83, 262 N.E.2d 597 (App.Ct. 1970).
Accordingly, the universal rule is that where evidence of a conspiracy is relevant to prove the substantive offense charged, it is proper for the trial judge to give an instruction relative to a conspiracy between the defendant and other persons although the defendant is not charged with the crime of conspiracy. United States v. Hoffa, 349 F.2d 20 (6th Cir.1965), aff'd, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966); People v. Washington, 81 Cal. Rptr. 5, 71 Cal.2d 1170, 459 P.2d 259 (1969); State v. Skinner, 251 La. 300, 204 So.2d 370 (1967), cert. dismissed, 393 U.S. 473, 89 S.Ct. 704, 21 L.Ed.2d 684 (1969); State v. Stidham, 449 S.W.2d 634 (Mo. 1970), aff'g 305 S.W.2d 7 (Mo. 1957); Annot., 66 A.L.R. 1311, paragraph III (1930).
What are proper instructions in a case such as this? At a minimum, the instructions should contain a definition of conspiracy,[2] an explanation of the legal consequences of proving a conspiracy in the case, and the admonition that it is for the jury to determine whether a conspiracy has been established beyond a reasonable doubt. State v. Skinner, supra; People v. Bazaure, 235 Cal. App.2d 21, 44 Cal. Rptr. 831 (Ct.App. 1965), cert. denied, 384 U.S. 1026, 86 S.Ct. 1951, 16 L.Ed.2d 1032 (1966). Where, as in this case, the crime of conspiracy is not charged, the state is not required to prove all the elements of the crime of conspiracy and it is error to tell the jury it must find that all those elements have been established. People v. Washington, supra. Thus we reject appellant's argument in this case that the judge should have given the jury the full instruction on criminal conspiracy contained in the standard jury instructions.
The failure to give any instruction at all on the subject of conspiracy may not be prejudicial to a defendant, since it effectively eliminates one theory upon *648 which a jury could find him guilty. Powers v. Commonwealth, 197 Ky. 154, 246 S.W. 436 (1922). But in the case before us, the trial judge gave a partial instruction, telling the jury only of the legal consequences of a conspiracy. He omitted telling the jury what a conspiracy is and, most significantly of all, he failed to instruct the jury that it must find that a conspiracy was established. Easterlin v. State, 43 Fla. 565, 31 So. 350 (1901).
We borrow the words of other observers to comment that conspiracy in criminal law is an elastic, sprawling and pervasive concept,[3] chameleon-like,[4] and extremely difficult to confine within the boundaries of definitive statement.[5] As an aid to understanding, the reader of our opinion should bear in mind that these aspects of relating the concept of conspiracy to criminal law are separate and distinct:
1. Conspiracy as a crime in and of itself, as defined in Section 777.04(3), Florida Statutes (1979). Conviction of the crime, of course, requires proof beyond a reasonable doubt.
2. Conspiracy as a basis for imposing vicarious liability or responsibility on a defendant for a criminal act in the commission of which he did not directly participate.[6] In the instant case appellant was not present  indeed, he apparently was out of the country  when the marijuana he was charged with possessing and importing was off-loaded by other persons from a small aircraft in a wooded area of Glades County; yet the information charges that on that day and at that place, appellant unlawfully imported and possessed a controlled substance. Appellant's liability for these substantive offenses could only be vicarious, even though the state prosecuted on a conspiracy theory without alleging the existence of a conspiracy in the information. Appellant does not challenge the state's procedure or its theory of vicarious liability based on conspiracy and we express no opinion on those facets of this case. See Developments in the Law  Criminal Conspiracy, 72 Harv.L.Rev. 922, 993-1000 (1959). However, we suggest that one should not assume that the meaning of conspiracy in this context and the definition of the crime of conspiracy are always coextensive. In any event, when conspiracy (however defined) is the basis for imposing vicarious criminal responsibility, whether or not alleged in the charging instrument, we believe it axiomatic that the conspiracy must be proved beyond a reasonable doubt.
3. Conspiracy (however defined) as a basis for admitting in evidence out-of-court (hearsay) statements of a person alleged to be a co-conspirator of the defendant in a criminal case. Such hearsay evidence may be offered in a case in which the crime of conspiracy is charged, in a case in which a substantive offense is charged on a theory of vicarious liability, based on conspiracy, or, theoretically at least, in any other criminal case. As we have pointed out, a co-conspirator's hearsay statements are admissible only if there is independent evidence of the conspiracy. How much independent evidence is required[7] and who decides whether there is sufficient independent evidence for admissibility are debatable topics, but one point is clear  that decision is not related to the jury's determination of guilt or innocence based on all the evidence, including the hearsay. The determination of admissibility in this situation is an evidentiary matter which does not preempt or replace the jury's function of determining whether a conspiracy has been proven *649 beyond a reasonable doubt in any case in which that determination is required in order to find the defendant guilty.
For the reasons stated above we reverse and remand for a new trial. In view of our disposition of this case, we need not address any other points raised by appellant.
REVERSED AND REMANDED.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] The instruction is as follows:
 CRIMINAL CONSPIRACY
 F.S. 777.04(3)
2.06 It is a crime for any person to agree, conspire,
Crime combine or confederate with another person or persons
 to commit a crime.
2.07 The essential elements of this offense which must be
Elements proved beyond a reasonable doubt before there can be a
 conviction in this case are that:
 1. The defendant had a fullyformed, conscious intent
 that the crime of (object of conspiracy) would be
 committed.
 2. In order to carry out that intent the defendant
 did enter into an agreement, understanding or common
 plan with (person(s) charged) to cause that crime to
 be committed either by them, or by some other person.

It is not necessary that the agreement, understanding, or common plan to commit the crime be expressed in any particular words or that the state prove what words passed between the conspirators. It is sufficient if the words shown to have been used or the acts shown to have been done by the parties, or both together, show beyond a reasonable doubt both elements of the crime of criminal conspiracy.
When a criminal conspiracy is formed between more than two persons, it is not necessary that each member of the conspiracy be informed of all the acts or plans of all the others. The crime of criminal conspiracy is complete if one person having the fullyformed conscious intent that a crime be committed joins with one or more persons in an agreement the purpose of which is to procure the crime to be committed.
[2] Generally, a conspiracy is an express or implied agreement of two or more persons to accomplish, by concerted action, some criminal or unlawful act or to accomplish by criminal or unlawful means some act not in itself unlawful. Bass v. State, 172 So.2d 614 (Fla. 2d DCA 1965); 16 Fla.Jur.2d Criminal Law § 1545.
[3] Krulewitch v. United States, 336 U.S. 440, 444, 69 S.Ct. 716, 719, 93 L.Ed. 790, 795 (1949) (Jackson, J., concurring).
[4] Id., 336 U.S. at 446, 69 S.Ct. at 720, 93 L.Ed. at 796.
[5] Harno, Intent and Criminal Conspiracy, 89 U. of Pa.L.Rev. 624 (1941).
[6] This is similar to the vicarious liability imposed by statute on aiders and abettors. § 777.011, Fla. Stat. (1979).
[7] Our supreme court has recognized that various courts have required different quantums of proof in this regard, but has not expressed its own choice. Briklod v. State, 365 So.2d 1023, 1026 n. 5 (Fla. 1979).