PER CURIAM.
Appellant Eaton planned an escape while being transported from his prison cell to a dentist. A cellmate suggested that his girl friend “on the outside” would help Eaton. The girl friend, Dawn Sobel, enlisted appellant Gombos to help in the escape. At an appointed time and place Gombos, who was holding a shotgun, and Sobel approached a police van in which Eaton and other prisoners were being transported. The shotgun Gombos carried discharged, killing one of the deputies guarding the prisoners. A jury found Gombos guilty of second degree murder and aiding in an escape and found Eaton guilty of first degree murder and attempting to escape.
Before this court both appellants contend that “the trial court erred in refusing to properly instruct the jury on the predicate for consideration of the co-conspirator statements.” In addition, Eaton argues the trial court erred in entering judgment against him as “an aider and abettor for a crime higher than that which the ... jury found was actually committed by the perpetrator.” Finally, Gombos contends the trial court committed error in retaining jurisdiction over the first one-third of his seventy-five year sentence.
Over appellants’ objections, the trial court admitted into evidence statements made by jail inmates and friends of Dawn Sobel who were not themselves called to testify. The statements were admitted as statements of co-conspirators made to further a conspiracy (the escape plan). Even though appellants were not charged with the crime of conspiracy, proof of a conspiracy was relied upon to establish the appellants’ responsibility for the crimes charged.
The main thrust of appellants’ first point is that, since Section 90.803(18)(e), Florida Statutes (1979), requires a trial court “[ujpon request of counsel ... [t]o instruct the jury that the conspiracy itself and each member’s participation must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph”, the trial court should have granted appellants’ request (made at the charge conference) that the jury be instructed on co-conspirator statements. However, appellants’ request for the instruction at the charge conference was too late, since such an instruction is geared to apprise the jury regarding the admission of hearsay evidence before, or at the time, it is admitted. So we see no error under the first point because appellants’ request was tardy.
Appellants also contend that the trial court erred in not instructing the jury in accordance with the following suggestion contained in Boyd v. State, 389 So.2d 642, 647 (Fla.2d DCA 1980), a case in which the state relied upon a conspiracy (with which the defendant was not charged) as a predicate for the admission of hearsay evidence:
“What are proper instructions in a case such as this? At a minimum, the instructions should contain a definition of conspiracy, an explanation of the legal consequences of proving a conspiracy in the case, and the admonition that it is for the jury to determine whether a conspiracy has been established beyond a reasonable doubt.” (Footnote omitted.)
While the instructions suggested in Boyd would better apprise a jury of the appropriate law than the instruction given by the trial court in the present case, the evidence of guilt was so overwhelming here that we hold that any error was harmless. Cf. State v. Wilson, 276 So.2d 45 (Fla.1973).
We have considered Gombos’s complaint regarding the retention of jurisdiction over the first one-third of his sentence and find no error demonstrated.
Accordingly, the judgments and sentences appealed from are affirmed.
AFFIRMED.
DOWNEY, GLICKSTEIN and DELL, JJ., concur.