421 So.2d 725 (1982)
Tony SAAVEDRA, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1427.
District Court of Appeal of Florida, Fourth District.
November 10, 1982.
Harvey D. Rogers, Miami, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Laura R. Morrison, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Appellant was charged with and convicted of trafficking in over 2,000 but under 10,000 pounds of cannabis and for possession *726 of methaqualone with intent to sell or deliver them. He raises three points on appeal, two of which require discussion.
First, appellant correctly maintains that he is entitled to reversal and remand for a new trial because of the trial court's refusal to instruct the jury on penalties as required by Tascano v. State, 393 So.2d 540 (Fla. 1980), and Murray v. State, 403 So.2d 417 (Fla. 1981). Appellant's counsel informed the trial judge that he was "obligated to tell the jury what the penalties are." When the trial judge disagreed, counsel replied that it was his understanding the rules were mandatory. This exchange sufficiently preserved the issue for appellate review and comports with the decision of this court in Williams v. State, 395 So.2d 1236 (Fla. 4th DCA 1981). Therein we held:
If a jury instruction is requested and the basis for the request verbalized to the court and made a part of the record, failure to object to rejection of the instruction or to repeat the grounds in the form of an objection does not preclude appellate review.
Id. at 1237. See also Austin v. State, 406 So.2d 1128 (Fla. 4th DCA 1981). Thus, under Williams, which dealt with a trial court's refusal to instruct the jury on the defense of alibi, placing a trial court on notice satisfies the "underlying purpose" of Florida Rule of Criminal Procedure 3.390(d).
Second, because the case must be tried again, appellant's point directed to the trial judge's instruction upon criminal conspiracy is equally relevant. Appellant is incorrect in his argument that he was entitled to the standard jury instruction on criminal conspiracy before the jury retired to begin its deliberations. Appellant was not charged with conspiracy; therefore, any relevance thereto would emanate from two sources:
[A.] [E]vidence would ... [be] admissible to prove a conspiracy to commit the offense [with which appellant was charged] on the theory that the principal crime charged may be in part, at least, established by proving formation and execution of [a] pre-existing conspiracy out of which the offense charged was accomplished.
Brown v. State, 130 Fla. 479, 484, 178 So. 153, 156 (1938).
[B.] Every act and declaration of each member of a conspiracy is the act and declaration of them all, and is therefore original evidence against each of them. Mercer v. State, 40 Fla. 216, 24 So. 154 (1898); Roberson v. State, 40 Fla. 509, 24 So. 474 (1898); Farnell v. State, 214 So.2d 753 (2nd DCA Fla. 1968). However, before the "co-conspirator rule" may be invoked there must first be independent evidence of the existence of a conspiracy, and of the objecting party's participation in it. In other words, proof of a conspiracy is necessary for the purpose of establishing the criminal liability of the conspirators for the unlawful acts of their co-conspirators in furtherance of the common cause.
Honchell v. State, 257 So.2d 889, 890 (Fla. 1971)[1] (footnote and citations omitted; emphasis original).
There are actually two instances wherein instructions on conspiracy should be considered if co-conspirators' statements are to be introduced; namely, a preliminary, cautionary instruction and any final *727 instruction. As for the former, should appellant, on retrial, question the sufficiency of the independent evidence of conspiracy, the jury should be instructed, if requested before the presentation of evidence, as to the definition of conspiracy and as to the necessity for independent evidence of the existence of a conspiracy and of appellant's participation in it.[2]
At the conclusion of all of the evidence the trial judge must then decide whether the independent evidence introduced by the prosecution
has demonstrated the defendant's participation in a conspiracy by a preponderance of the evidence. If the prosecution has not prevailed on this point, the judge must decide whether a cautionary instruction will cleanse the record of prejudice or whether a mistrial is required.
United States v. Grassi, 616 F.2d 1295, 1300-01 (5th Cir.1980), cert. denied, 449 U.S. 956, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980).[3] On the other hand, if the prosecution prevails on this point, it would appear that the only final instruction to which appellant would be entitled is that on "accomplices" as provided by Florida Standard Jury Instruction in Criminal Cases 2.04(b).[4]
There appear to be at least three reasons for not further instructing the jury on conspiracy prior to their retirement. First, as stated in Boyd v. State, 389 So.2d 642, 647-48 (Fla. 2d DCA 1980):
The failure to give any instruction at all on the subject of conspiracy may not be prejudicial to a defendant, since it effectively eliminates one theory upon which a jury could find him guilty.
(Citation omitted.) Second, section 90.105(1), Florida Statutes (1979), is patterned after Federal Rule of Evidence 104(a) and imposes the responsibility of determining preliminary questions as to the admissibility of evidence upon the trial judge. Therefore, the jury plays no role in the decision whether to admit a co-conspirator's declaration. See United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). This is true at the time the cautionary, preliminary instruction is given as well as at the conclusion of the evidence. If the trial judge leaves it in, there is no need to instruct the jury other than with respect to an accomplice, as we have discussed. Third, appellant is not charged with conspiracy; and the facts of this case do not require the *728 prosecution to prove all of the elements thereof beyond a reasonable doubt.[5]
REVERSED AND REMANDED.
HURLEY and DELL, JJ., concur.
NOTES
[1] Effective July 1, 1979, section 90.803(18)(e) was enacted, which provides that the following can be offered against a party as an admission:

A statement by a person who was a coconspirator of the party during the course, and in furtherance, of the conspiracy. Upon request of counsel, the court shall instruct the jury that the conspiracy itself and each member's participation in it must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph.
The alleged offense in this case took place on June 17, 1979; therefore, the statute does not apply, although it codified existing law.
[2] Should appellant not question the sufficiency of the independent evidence, the instruction would be meaningless. Boyd v. State, 389 So.2d 642 (Fla. 2d DCA 1980).
[3] Our sister court, in Tresvant v. State, 396 So.2d 733, 740 n. 10 (Fla. 3d DCA), pet. for rev. denied, 408 So.2d 1096 (Fla. 1981), noted that no "Florida court has announced a test for the quantum of independent proof of conspiracy;" then it traced the spectrum in the courts from "slight evidence" to "substantial."
[4] Instruction 2.04(b) provides:

You should use great caution in relying on the testimony of a witness who claims to have helped the defendant commit a crime. This is particularly true when there is no other evidence tending to agree with what the witness says about the defendant.
However, if the testimony of such a witness convinces you beyond a reasonable doubt of the defendant's guilt, or the other evidence in the case does so, then you should find the defendant guilty.
The term accomplice was defined in Newton v. State, 178 So.2d 341, 345 (Fla. 2d DCA 1965), as follows:
The usual test by which to determine whether or not one is an accomplice of an accused on trial is whether or not he could be prosecuted and punished for the crime with which accused is charged.
In United States v. Bell, 573 F.2d 1040, 1044 (8th Cir.1978), the court said:
After a ruling on the record that the out-of-court declaration is admissible under Rule 801(d)(2)(E), the court may submit the case to the jury. The court should not charge the jury on the admissibility of the coconspirator's statement, but should, of course, instruct that the government is required to prove the ultimate guilt of the defendant beyond a reasonable doubt. An appropriate instruction on credibility should be given, and the jury should be cautioned with regard to the weight and credibility to be accorded a coconspirator's statement.
Federal Rule of Evidence 801(d)(2)(E) provides that a statement is not hearsay if made by "a coconspirator of a party during the course and in furtherance of the conspiracy."
[5] The present case is factually dissimilar from Boyd, upon which appellant relies. In that case, appellant was charged with importation and possession of cannabis, on the theory that those involved in the off-loading of the cannabis in Glades County (while appellant was out of the country) were his co-conspirators in a scheme to import the cannabis from South America. Quite candidly, the decision is somewhat confusing in that our sister court first said that if a final instruction were given on conspiracy, it would have to contain, at a minimum, the definition thereof, an explanation of the legal consequences of proving it and an admonition that the jury is to determine if it has been proven beyond a reasonable doubt. It then said, however, the state is not required to prove all of the elements of conspiracy if appellant is not charged therewith. It later said the jury must find that a conspiracy was established.

In the present case the culpability is not vicarious. Appellant was identified by a witness as the individual deplaning from the suspect aircraft at the time of the offense; and his fingerprints were found inside.