438 So.2d 822 (1983)
Gary Robin EATON, et al., Petitioners,
v.
STATE of Florida, Respondent.
No. 61985.
Supreme Court of Florida.
September 29, 1983.
Richard L. Jorandby, Public Defender and Tatjana Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioners.
*823 Jim Smith, Atty. Gen. and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for respondent.
EHRLICH, Justice.
Petitioners Eaton and Gombos request review of the decision of the Fourth District Court of Appeal in Eaton v. State, 410 So.2d 933 (Fla. 4th DCA 1982), on grounds of direct and express conflict with Turner v. State, 369 So.2d 670 (Fla. 1st DCA 1979), disapproved, Potts v. State, 430 So.2d 900 (Fla. 1982), and Boyd v. State, 389 So.2d 642 (Fla. 2d DCA 1980), pursuant to article V, section 3(b)(3) of the Florida Constitution.
Gombos and Dawn Sobel undertook to help Eaton escape from prison, implementing a plan developed by Eaton and several fellow prisoners. During the escape attempt, Gombos's shotgun discharged, killing a guard. Gombos claimed the discharge was accidental, caused by a defect in the gun. Gombos and Eaton were tried together, and the jury found Gombos guilty of second-degree murder and aiding in an attempt to escape and Eaton guilty of first-degree murder and attempting to escape. Eaton was sentenced to life imprisonment; Gombos was sentenced to seventy-five years, and the court retained jurisdiction over the first third of the sentence. The Fourth District Court of Appeal affirmed their convictions and sentences on all counts.
On petition for review, Gombos and Eaton raise three issues. First, Eaton contends that his conviction for first-degree murder is legally inconsistent with Gombos's conviction for second-degree murder in light of the fact that Gombos was the actual gun-wielder in the murder. In support, Eaton cites cases which commit Florida to the principle that jury verdicts must be legally consistent. In Mahaun v. State, 377 So.2d 1158 (Fla. 1979), this Court held that a conviction for third-degree felony murder had to be vacated because the jury failed to find the defendant guilty of the underlying felony. In Redondo v. State, 403 So.2d 954 (Fla. 1981), a jury found the defendant guilty of displaying a firearm in the commission of a felony but failed to find the defendant guilty of any felony. The distinction between these cases and the case at bar is obvious. In the cited cases the underlying felony was a part of the crime charged  without the underlying felony the charge could not stand. The jury is, in all cases, required to return consistent verdicts as to the guilt of an individual on interlocking charges.
Such is not the situation now before us. Here, although two defendants were charged and tried jointly, they were separate defendants and the determination as to the guilt or innocence of each was a separate issue before the jury. This Court has recently held that a defendant tried separately from his co-conspirators is not entitled to raise the conviction of a co-conspirator for a lesser offense as a bar to his own conviction for a greater offense. Potts v. State. In so holding we recognized that different evidence may be admissible against different defendants and that "jury pardon" may result in conviction for a lesser offense though the facts proved at trial would support a conviction for a greater offense. These same considerations apply to the situation now before us. The facts proved at trial were sufficient to sustain a conviction of premeditated murder against both defendants. That the jury may have extended to Gombos a measure of mercy it chose to withhold from Eaton, the instigator and ultimate beneficiary of the escape plot, does not render Eaton's conviction invalid or legally inconsistent. Thus, in finding this case controlled by Potts we reaffirm our earlier disapproval of Turner.
Second, Gombos and Eaton challenge the trial court's refusal to give a requested jury instruction and instead giving an instruction which they contend failed to meet the standards set forth in Boyd v. State. "[T]he instructions should contain a definition of conspiracy, an explanation of the legal consequences of proving a conspiracy in the case, and the admonition that it is for the jury to determine whether a conspiracy has been established beyond a reasonable *824 doubt." 389 So.2d at 647.[1] (footnote omitted). The trial court gave the full standard jury instruction on conspiracy and added a paragraph explaining the legal consequences of a proven conspiracy as to one who enters it late.[2] Petitioners contend that the instruction was fundamentally deficient in that it failed to provide guidelines as to the legal effect of proof of a conspiracy and failed to tell the jury who is to determine that a conspiracy existed. To answer the second point first: The charge, delivered to the jury, set forth elements which had to be proved beyond a reasonable doubt. The only possible inference to be drawn from the instruction is that the issue is one for jury determination.
As to petitioners' first point, the standard jury instruction would be fatally deficient if it did not address the legal effect of proof of conspiracy. Petitioners do not challenge the adequacy per se of the standard jury instructions. The "legal effect" petitioners complain of is the admission into evidence of co-conspirators' out-of-court statements which would otherwise have been barred by the hearsay rule. This issue was raised far too late in the trial to have any protective effect on defendants' behalf. Florida's Evidence Code provides an exception to the hearsay rule for statements made by co-conspirators, in furtherance of the conspiracy during the existence of the conspiracy. § 90.803(18)(e), Fla. Stat. (1979). That section further provides: "Upon request of counsel, the court shall instruct the jury that the conspiracy itself and each member's participation in it must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph." (Emphasis supplied.) By the time the request for the instruction was made, the evidence had been admitted. No request for this instruction was made prior to its admission nor was any hearsay objection made on the grounds of failure to establish conspiracy by independent evidence. Under the circumstances, we find the instruction given by the judge to be appropriate and adequate and find the defendants were not prejudiced by the court's rejection of their proposed instruction. Because these facts distinguish this case from Boyd, we find no conflict requiring resolution *825 and do not need to discuss the merits of that holding.
The third point on appeal is Gombos's challenge of the trial judge's retention of jurisdiction for one-third of Gombos's seventy-five year sentence. We agree with the district court that this issue is without merit.
Accordingly, we approve the decision of the district court.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
NOTES
[1] The district court in Boyd held a bare definition of conspiracy to be an inadequate instruction. It also held that the defendant was not entitled to demand the standard jury instruction on facts similar to those now before us.
[2] The judge delivered the following charge:

Criminal conspiracy. It is a crime for any person to agree, conspire, combine or confederate with another person or persons to commit a crime.
The essential elements of this offense which must be proved beyond a reasonable doubt before there can be a conviction in this case are that:
1. The defendants had a fully formed conscious intent that the crimes of murder in the first degree and escape would be committed.
2. In order to carry out the intent the defendants did enter into an agreement understanding or common plan to cause those crime to be committed either by them, one of them, or by some other person.
It is not necessary that the agreement, understanding or common plan to commit the crime be expressed in any particular words or that the state prove what words passed between the conspirators. It is sufficient if the words shown to have been used or the acts shown to have been done by the parties, or both or altogether, show beyond a reasonable doubt both elements of the crime of criminal conspiracy.
When a criminal conspiracy is formed between more than two persons, it is not necessary that each member of the conspiracy be informed of all of the acts or plans of all the others. The crime of criminal conspiracy is complete if one person, having the fully formed conscious intent that a crime be committed, joins with one or more other persons in an agreement the purpose of which is to procure the crime to be committed.
It is a defense to the charge of criminal conspiracy that, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose, the defendant, after conspiring with one or more persons to commit the offense, did persuade such other persons not to do so, or otherwise prevented commission of the crime.
The Court further instructs you that a defendant who joins the conspiracy at a later date takes the conspiracy as he found it. When the defendant joins the conspiracy and actively participates in it, he has accepted the previous acts and declarations of his fellow conspirators.