460 So.2d 410 (1984)
STATE of Florida, Appellant,
v.
Raphael MORALES, Appellee.
No. 83-1523.
District Court of Appeal of Florida, Second District.
November 14, 1984.
Rehearing Denied December 13, 1984.
*411 Jim Smith, Atty. Gen., Tallahassee, and James H. Dysart, Asst. Atty. Gen., Tampa, for appellant.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Tampa, for appellee.
LEHAN, Judge.
This case involves the question of what test should be used by a trial court to determine whether sufficient independent evidence of a conspiracy, and a defendant's participation therein, exists in order to justify admitting into evidence against the defendant hearsay statements by alleged coconspirators. Florida case law has not contained the complete answer. See Brikold v. State, 365 So.2d 1023, 1026 n. 5 (Fla. 1978); State v. Haynes, 453 So.2d 926 (Fla. *412 2d DCA 1984); Tresvant v. State, 396 So.2d 733, 740 n. 10 (Fla. 3d DCA), petition for review denied, 408 So.2d 1096 (Fla. 1981). We conclude, as explained below, that the appropriate test is included in a two-part test which is that such statements: "(1) are not admitted until properly authenticated by substantial independent evidence, and (2) do not remain in the proof to be submitted to the jury unless their admissibility is established by a preponderance of the evidence." United States v. James, 590 F.2d 575, 583 (5th Cir.) (en banc), cert. denied, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). See also United States v. Nichols, 695 F.2d 86 (5th Cir.1982).
We believe the trial court's exclusion of certain hearsay evidence in this case was not consistent with that test. That evidence consisted of certain alleged coconspirators' statements made in furtherance of the conspiracy which implicated defendant in the crimes charged. We reverse the trial court's rulings which excluded the hearsay evidence and which dismissed the charges against defendant.
The defendant was charged with four violations of the Florida Comprehensive Drug Abuse Prevention and Control Act, specifically, violations of sections 893.13 and 893.135, Florida Statutes (1981), involving possession of a controlled substance (diazepam), sale of a controlled substance (diazepam), trafficking in drugs (cocaine), and conspiracy to traffic in more than 20 grams of methaqualone. A pretrial evidentiary hearing was held on defendant's motion to exclude from the evidence hearsay statements made by defendant's alleged coconspirators. The trial court found that a conspiracy to traffic in controlled substances in Pinellas County could be established by the evidence but that there was insufficient evidence, independent of those hearsay statements of the alleged coconspirators, to show defendant's involvement in the conspiracy. The court therefore granted the motion. The court also granted defendant's motion to dismiss the charges because proof of the charges depended upon those hearsay statements.
The state appeals, contending that the trial court erred in finding that there was insufficient independent evidence of defendant's participation in the conspiracy. We agree with the state.
Section 90.803(18)(e), Florida Statutes (1981), contains the so-called "coconspirator rule" permitting the admission of statements by coconspirators into evidence against a defendant who is a member of the conspiracy even though the statements would otherwise be inadmissible as hearsay:
The provision of s. 90.802 [involving hearsay] to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness:
.....
(18) Admissions. A statement that is offered against a party and is:
.....
(e) A statement by a person who was a coconspirator of the party during the course, and in furtherance, of the conspiracy. Upon request of counsel, the court shall instruct the jury that the conspiracy itself and each member's participation in it must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph.
The case law expands upon the rule and outlines the role of the trial court. "[B]efore the `co-conspirator rule' may be invoked there must first be independent evidence of the existence of a conspiracy, and of the objecting party's participation in it." Honchell v. State, 257 So.2d 889, 890 (Fla. 1971). "The requirement of independent evidence is a condition of admissibility." Boyd v. State, 389 So.2d 642, 644 (Fla. 2d DCA 1980). In Florida the initial determination of whether such independent evidence exists is an evidentiary matter for the trial court. Saavedra v. State, 421 So.2d 725 (Fla. 4th DCA 1982). Saavedra, relying upon the Fifth Circuit's opinion in James, pointed out that "the jury plays no *413 role in the decision whether to admit a co-conspirator's declaration." Saavedra, 421 So.2d at 727.
As required by section 90.803(18)(e), the trial court should instruct the jury, upon defendant's motion, that the conspiracy and each member's participation in it must be established by independent evidence. That instruction, often called the "Apollo instruction," appears to have derived from United States v. Apollo, 476 F.2d 156 (5th Cir.1973). James overruled Apollo. But Boyd confirmed that the "Apollo rule lives on in Florida" because of section 90.803(18)(e). 389 So.2d at 646. Rule 801(d)(2)(E) of the Federal Rules of Evidence corresponds to section 90.803(18)(e) of the Florida Evidence Code except that the Federal Rules do not contain the Florida Code's Apollo instruction requirement. Boyd, 389 So.2d at 646. Accordingly, in Florida after the trial court makes a threshold decision to admit hearsay evidence in this type of case, the cautionary Apollo instruction shall be given if an appropriate request is made.
As noted above, James overruled Apollo and the Apollo instruction required in Florida by section 90.803(18)(e) is not appropriate in the federal courts. Therefore, the jury responsibility invoked by that instruction in Florida concerning the effect, if any, of hearsay evidence against an alleged coconspirator no longer exists in federal cases. Nonetheless, other procedures followed in federal courts do correspond to procedures in Florida relative to the determinations to be made in this type of case by the trial court, as explained below.
Although it is clear that the trial court has the responsibility for determining the admissibility of that type of hearsay evidence, it has not been clear how much independent evidence in Florida courts is necessary to prove the existence of a conspiracy and a defendant's participation therein. Brikold, 365 So.2d at 1026 n. 5. This court has held that it must not be "too slight," "too tenuous" or "too insubstantial." Farnell v. State, 214 So.2d 753, 760 (Fla. 2d DCA 1968). Also, the test for determining the requisite quantum of independent evidence in this type of situation has seemed to vary among other courts. As the Third District pointed out in Tresvant, 396 So.2d at 740 n. 10, the tests have required slight evidence, Burns v. State, 72 Okla. Cr. 432, 117 P.2d 155 (1941); prima facie evidence, Carbo v. United States, 314 F.2d 718 (9th Cir.1963), cert. denied sub nom. Palermo v. United States, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964); preponderance of the evidence, United States v. Trotter, 529 F.2d 806 (3d Cir.1976); and a fair preponderance of the evidence, United States v. Ross, 321 F.2d 61 (2d Cir.), cert. denied, 375 U.S. 894, 84 S.Ct. 170, 11 L.Ed.2d 123 (1963).
Saavedra, which relies upon United States v. Grassi, 616 F.2d 1295 (5th Cir.), cert. denied, 449 U.S. 956, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980), has been cited to us for the principle that "a preponderance of the evidence test is applicable." Saavedra, with which we agree, does endorse a preponderance test to be applied at the conclusion of all the evidence. Saavedra states that "the trial judge must then decide whether the independent evidence introduced by the prosecution
has demonstrated the defendant's participation in a conspiracy by a preponderance of the evidence. If the prosecution has not prevailed on this point, the judge must decide whether a cautionary instruction will cleanse the record of prejudice or whether a mistrial is required."
421 So.2d at 727. But Saavedra does not address the quantum of independent evidence necessary at the time of the abovereferenced initial determination by the trial court to justify admission of hearsay into evidence.
In Grassi the Fifth Circuit explained the two-part test from James which is quoted in the opening paragraph of this opinion. More recently the Fifth Circuit in Nichols again reiterated that portion of James and explained the procedure to be followed by a trial court in a case like this:
In order to prevent the jury's being prejudiced by inadmissible hearsay, James *414 establishes two procedural safeguards. Ideally, before trial the prosecutor should make a showing of substantial independent evidence that the statement is admissible. Then at the conclusion of evidence, considering both the prosecution's evidence and the defense's evidence, the trial court must find that the preponderance of the independent evidence shows the statement is admissible.
The district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator. If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up.
.....
Regardless of whether the proof has been made in the preferred order, or the coconspirator's statement has been admitted subject to later connection, on appropriate motion at the conclusion of all the evidence the court must determine as a factual matter whether the prosecution has shown by a preponderance of the evidence independent of the statement itself (1) that a conspiracy existed, (2) that the coconspirator and the defendant against whom the coconspirator's statement is offered were members of the conspiracy, and (3) that the statement was made during the course and in furtherance of the conspiracy... . If the court concludes that the prosecution has not borne its burden of proof on these issues, the statement cannot remain in the evidence to be submitted to the jury. In that event, the judge must decide whether the prejudice arising from the erroneous admission of the coconspirator's statements can be cured by a cautionary instruction to disregard the statement or whether a mistrial is required. James, 590 F.2d at 582-83.
695 F.2d at 89-90 (Emphasis added.)
The James test has also been used recently by the Eleventh Circuit. See, e.g., United States v. Barshov, 733 F.2d 842 (11th Cir.1984); United States v. Puerto, 730 F.2d 627 (11th Cir.1984); United States v. Walker, 720 F.2d 1527 (11th Cir.1983), cert. denied sub nom. Gustin v. United States, ___ U.S. ___, 104 S.Ct. 1614, 80 L.Ed.2d 143 (1984). Barshov specifically refers to the two determinations to be made by the trial court.
We agree with those federal cases that the foregoing two determinations should be made by the trial court. We also agree with the James test that the requisite burdens of proof upon the prosecution at these determinations are: First, "substantial evidence," preferably presented in a James type evidentiary hearing outside the presence of the jury (although Nichols did not find reversible error from a trial court having held a "proffer hearing," Nichols 695 F.2d at 90); Second, "preponderance of the evidence" at the conclusion of all the evidence (assuming the issue is presented by proper motion).
Our conclusion that the first determination should be governed by a substantial evidence test is not inconsistent with this court's statements in Farnell, supra, and avoids an undue burden on the state at an early stage of the proceedings. Our conclusion that the second determination should be governed by a preponderance test is consistent with the Fourth District in Saavedra. We believe a test of that magnitude for the second determination is appropriate in view of the potency of the coconspirator rule as a prosecutorial weapon. When conspiracy is involved, hearsay evidence may be admitted as a part of the truth-seeking process even though it would be inadmissible in other types of cases. We believe there would be unacceptable prejudice to a defendant if a lesser test were applicable then. See Nichols. On the other hand, we do not believe a heavier burden on the prosecution is necessary at *415 that point because, of course, defendant's interests are safeguarded by the cautionary Apollo instruction and by the "beyond a reasonable doubt" test to be ultimately applied by the jury to all the evidence.
The foregoing does not affect the necessity for there being a prima facie case to withstand a motion for judgment of acquittal and to justify submitting a case to the jury.[1] As indicated in Saavedra, Grassi, and Nichols, if the prosecution fails to meet its burden (preponderance) at the second determination and the defense makes a proper motion, the sanction is either a curative instruction regarding the hearsay evidence or a mistrial. At that point a defendant would not be discharged as he would be if a motion for judgment of acquittal is granted.
Neither Nichols nor Grassi undertakes to define "preponderance" and "substantial." We believe the preponderance test, which has been judicially defined so often, needs no further comment. "Substantial" has been described as "at least enough to take the question to the jury." James, 590 F.2d at 581, citing United States v. Nixon, 418 U.S. 683, 701 n. 14, 94 S.Ct. 3090, 3104 n. 14, 41 L.Ed.2d 1039, 1060 n. 14 (1974). Black's Law Dictionary 1281 (5th ed. 1979), defines substantial evidence generally as:
Such evidence that a reasonable mind might accept as adequate to support a conclusion... . Substantial evidence is evidence possessing something of substance and relevant consequence and which furnishes substantial basis of fact from which issues tendered can be reasonably resolved... . Evidence which a reasoning mind would accept as sufficient to support a particular conclusion and consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. (Citations omitted.)
The purposes of the foregoing explanation of tests, procedures and terms are to promote consistency in the trial courts in future cases of this kind and to clarify the basis of our holding in this case. Applying the above to the facts at hand we conclude that the trial court erred in not admitting into evidence the coconspirators' statements. We believe there was more than enough to meet the substantial independent evidence test (1) that a conspiracy existed, (2) that the coconspirators and the defendant against whom the coconspirators' statements were offered were members of the conspiracy, and (3) that the statements were made during the course and in furtherance of the conspiracy. See Nichols, quoted above. That independent evidence included the following:
(a) Undercover agents initiated an investigation of two suspected drug dealers (one of whom was an alleged coconspirator) and formed a plan to attempt to purchase ten thousand quaaludes from them.
(b) Negotiations for the purchase of methaqualone between the alleged coconspirators and undercover agents continued for approximately a week.
(c) Consummation of the drug transaction did not occur until after defendant's arrival from out of town at an alleged coconspirator's home.
(d) Telephone calls were made by the alleged coconspirators to the defendant's residence, and vice versa, at critical times during the negotiations.
(e) No telephone calls between the aforementioned two drug dealers' homes or places of business and the defendant's residence were made during the relevant time frame except for those placed during the planning stages of the conspiracy.
(f) Defendant's car, bearing Dade County tags, arrived at the Pinellas County home of one of the alleged coconspirators *416 in the early morning hours of the day of the drug transaction.
(g) Less than two hours after defendant's arrival in town, defendant accompanied one of the alleged coconspirators, together with the controlled substances contained in a suitcase, on a car ride to the hotel where the drug transaction was consummated.
(h) Defendant remained in the car in the hotel's parking lot while the alleged coconspirator took the drugs to the hotel room.
(i) Defendant was arrested while sitting in the car. The coconspirator was arrested in the hotel room.
(j) More than 300 grams of cocaine and 200 grams of methaqualone were seized in the hotel room from the suitcase which was taken from the car in which defendant was a passenger; and
(k) A search of defendant incident to his arrest revealed a piece of paper in his wallet with the words "summa caine" written on it. The same words were written on one of defendant's business cards which was found on an alleged coconspirator's person.
A conspiracy can be established by circumstantial evidence. Resnick v. State, 287 So.2d 24, 26 (Fla. 1973). We recognize that any one of the foregoing pieces of evidence may not be enough by itself to substantially establish defendant's participation in the conspiracy. See United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948) (presence of defendant at the scene is not enough by itself); United States v. Nettles, 570 F.2d 547 (5th Cir.1978) (piece of paper containing defendant's name and phone number is not enough); United States v. Bulman, 667 F.2d 1374 (11th Cir.), cert. denied, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982) (association with persons involved in a conspiracy is not enough); United States v. Dalzotto, 603 F.2d 642 (7th Cir.), cert. denied, 444 U.S. 994, 100 S.Ct. 530, 62 L.Ed.2d 425 (1979) (telephone calls between government agents and coconspirators are not enough). However, in our view the independent evidence, when viewed in its totality, substantially shows defendant's participation in the conspiracy.
We therefore reverse the order excluding the hearsay from the evidence and the order dismissing the charges against defendant.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
BOARDMAN, A.C.J., and GRIMES, J., concur.
NOTES
[1] See Wagner v. State, 421 So.2d 826 (Fla. 1st DCA 1982); Ponsell v. State, 393 So.2d 635 (Fla. 4th DCA 1981).