PER CURIAM.
The defendant appeals from a judgment of conviction and sentence for trafficking in cocaine; possession with intent to sell, manufacture or deliver cocaine; and carrying a concealed firearm.
It is contended by the defendant on appeal that the trial court erred in denying his motion for a judgment of acquittal, and in admitting hearsay testimony under the co-conspirator exception, and furthermore, *1225 that certain remarks of the prosecutor made in the closing argument to the jury were so prejudicial that defendant was denied a fair and impartial trial.
We have carefully considered these contentions in the light of the record, briefs and argument of counsel and have concluded that no reversible error has been demonstrated. Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652, (1982); Lynch v. State, 293 So.2d 44 (Fla.1974); Muwwakil v. State, 435 So.2d 304 (Fla. 3d DCA 1983), pet. for rev. denied, 444 So.2d 417 (Fla. 1984); Tresvant v. State, 396 So.2d 733 (Fla. 3d DCA), pet. for rev. denied, 408 So.2d 1096 (Fla.1981); Lynn v. State, 395 So.2d 621 (Fla. 1st DCA), pet. for rev. denied, 402 So.2d 611 (Fla.1981); Boyd v. State, 389 So.2d 642 (Fla. 2d DCA 1980); Ragin v. State, 348 So.2d 923 (Fla. 3d DCA 1977).
However, as to the judgment of conviction and sentence entered upon the count charging the defendant with possession of cocaine, we are compelled to reverse upon the authority of Bell v. State, 437 So.2d 1057 (Fla.1983). Reyes v. State, 462 So.2d 1198 (Fla. 3d DCA 1985).
Affirmed in part and reversed in part.