PER CURIAM.
Defendant, Ruben Brown (defendant), appeals his judgment of conviction and sentence for first-degree murder. Although he raises several points on appeal, we find that only one merits discussion and none require reversal. Defendant contends that the trial court erred in denying his request for a severance when admitting evidence of a damaging statement allegedly made by the code-fendant to defendant on the day of the crime. Because we find the statement could have properly been considered at trial against defendant under the coconspirator’s statement exception to the hearsay rule, the trial court’s failure to grant a severance did not result in reversible error.
Victim Mark Wingfield was shot and killed by defendant, allegedly in self-defense. Earlier that day, defendant claimed to have been robbed of his money, jewelry and “dope,” and beaten by some men. Together with Willie Ben Boone (codefendant) and witness Jeffrey McFarland, defendant went in search of the apparent robbers in order to recover his property. Defendant armed himself with a 9mm gun.
Defendant, codefendant and McFarland eventually arrived at a residence where they thought the alleged robbers were located. As defendant reached the front door of the residence, Wingfield also arrived at the doorway. Defendant grabbed Wingfield, pulled out a gun and asked about his money. Wing-field told defendant that he did not have defendant’s money, but that one of the others who was inside the residence did. Defendant yelled to the occupants of the residence that if they did not open the door by the time he counted to five, he would shoot the victim. The defendant then shot Wingfield four times. Wingfield died as a result of a gunshot wound to his head.
At trial, the state sought to introduce the statement made by codefendant to defendant earlier during the day of the shooting: “We have to ride all night, we are going to kill him.” The statement was introduced through the testimony of Cheryl Jones Wing-field, the girlfriend of the victim’s brother. Defendant first moved in limine to exclude codefendant’s statement. When that motion was denied, defendant made an oral motion to sever his trial from eodefendant’s. The trial court denied the severance, but instructed the jury that the statements made by codefendant should not be considered against defendant.[1]
*270 Florida Rule of Criminal Procedure 3.152(b)(2) provides, in part, that if a defendant moves for a severance on the ground that “an oral or written statement of a eode-fendant makes reference to him or her” and the state seeks to introduce the statement, the trial court is first charged with determining whether the statement is admissible against the defendant. If the statement is determined not to be admissible, the rule provides that the trial court “shall” require the state to elect one of the following courses: a) a joint trial at which evidence of the statement will not be admitted; b) a joint trial at which evidence of the statement will be admitted after removing references to the moving defendant, provided the court determines that the redacted statements will not prejudice the moving defendant; or c) severance. This rule applies not only to confessions by a codefendant to a third party, but to other out-of-court statements by a code-fendant as well. See Miller v. State, 545 So .2d 343 (Fla. 2d DCA 1989).
The state did not argue, either in pre-trial motions or at trial, that codefendant’s statement was admissible in evidence against defendant. The state intended to use the statement only against codefendant, who did not directly participate in the shooting. The threshold question of admissibility of the statement against defendant was never reached by the trial court. If the statement was inadmissible against defendant, then rule 3.152 required a severance if the state intended to use the statement at a joint trial.
On appeal, the state argues for the first time that codefendant’s statement was admissible against defendant as an admission by silence or because the statement was not hearsay as it was not offered to prove the truth of the matter asserted. We disagree with both of these contentions,[2] but find the statement would have been admissible as a declaration of a coconspirator under subsection 90.803(18)(e) of the Florida Evidence Code. Subsection 90.803(18)(e), Florida Statutes (1993), defines an admission as:
A statement that is offered against a party and is:
[[Image here]]
(e) A statement by a person who was a coconspirator of the party during the course, and in furtherance, of the conspiracy. Upon request of counsel, the court shall instruct the jury that the conspiracy itself and each member’s participation in it must be established by independent evidence, either before the introduction of any evidence or before evidence is admitted under this paragraph.
In deciding the issues in this appeal, we are not restricted by the state’s response. If there is any basis on which a trial court’s ruling is correct, it should be affirmed. Caso v. State, 524 So.2d 422 (Fla.1988), cert. denied; 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988); see also Van Den Borre v. State, 596 So.2d 687, 690 (Fla. 4th DCA 1992).
Although a conspiracy charge was not filed in this case, the admissibility of hearsay statements of coconspirators is not dependent upon the existence of a count charging conspiracy. Tresvant v. State, 396 So.2d 733 (Fla. 3d DCA), rev. denied, 408 So.2d 1096 (Fla.1981). Rather, the admissibility of these statements depends on the language of subsection 90.803(18)(e) excepting such statements from the general rule which makes hearsay inadmissible if certain evidentiary preconditions are established. Boyd v. State, 389 So.2d 642 (Fla. 2d DCA 1980). Whether or not a conspiracy is charged, the threshold condition of admissibility of a coconspirator’s statement is whether evidence exists independent of the state *271 ment that the defendant and the declarant participated together in a conspiracy. Saavedra v. State, 421 So.2d 725, 727 (Fla. 4th DCA 1982); Miller; Tresvant, 396 So.2d at 736-37; accord Romani v. State, 542 So.2d 984 (Fla.1989).
A review of the record reveals independent evidence of a prior conspiracy through the testimony of witness McFarland. McFarland testified that defendant had apparently been robbed and beaten by some men earlier that day and planned with code-fendant to search out his attackers, recover his property and seek revenge. To that end, defendant and codefendant picked up McFarland, who was going to help them find the individuals who attacked defendant and took his property. Defendant armed himself with a 9mm gun. McFarland also stated that defendant and eodefendant asked him if he was ready to show them where two specific individuals lived. He further testified that codefendant instructed him on what to do when the three arrived at the residence and that defendant accompanied him to the front door of the residence.
Because the hearsay statement could have been considered against defendant, the court did not err in failing to sever defendant’s trial from that of his codefend-ant. We recognize that the court did not instruct the jury, as provided for in the statute, that it could consider the hearsay statement of eodefendant against defendant only if it first found that a conspiracy existed. The failure to instruct, however, worked to defendant’s advantage because in this case the jury was instructed not to even consider codefendant’s statement against defendant. Accordingly, the fact that the trial court did not give the more expansive instruction, as provided for in subsection 90.803(18)(e), did not prejudice defendant. Simply stated, the statement could have been admissible directly against defendant if the jury found evidence of a conspiracy. Therefore, reversible error did not result from the trial court’s denial of the motion for severance.
Defendant contends alternatively that he was denied his sixth amendment right of confrontation by the failure to grant a severance because codefendant’s statement was introduced at their joint trial although code-fendant did not testify. We disagree that a Bruton violation occurred.[3] Firmly rooted exceptions to the hearsay rule do not violate the confrontation clause. See Bourjaily v. United States, 483 U.S. 171, 181-84, 107 S.Ct. 2775, 2782-83, 97 L.Ed.2d 144 (1987).[4]
Even if the statement did not fall within a recognized exception to the hearsay rule, we deem the failure to grant a severance harmless in light of the independent evidence of guilt and the giving of a limiting instruction. See Brownlee v. State, 478 So.2d 467 (Fla. 4th DCA 1985), citing Schneble v. Florida, 405 U.S. 427, 430, 92 S.Ct. 1056, 1059, 31 L.Ed.2d 340, 344 (1972); Delgado v. State, 574 So.2d 1129 (Fla. 3d DCA), rev. denied, 591 So.2d 631 (Fla.1991).
Concerning defendant’s guilt, defendant did not deny the shooting. He claimed self-defense. However, McFarland testified that he heard defendant yell to the people in *272 the residence that if they did not open the door by the time he counted to five, he was going to shoot the victim, effectively refuting defendant’s claim of self-defense. Additionally, no weapon was found on or near the victim. There was no corroborative evidence to support defendant’s claim of self-defense and overwhelming evidence of premeditation independent of his codefendant’s statement which the jury was instructed to disregard as evidence against defendant. Accordingly, we conclude that the testimony regarding the statement was insignificant in comparison to the totality of the evidence of defendant’s guilt. Brownlee.
For all the above reasons, the conviction and sentence are affirmed.
AFFIRMED.
WARNER and PARIENTE, JJ., and SMITH, FREDRICKA G., Associate Judge, concur.

. We note that there was a second statement made by codefendant to defendant, also allegedly overheard by Cheryl Wingfield: "Do you have anything to put in the gun?” While this statement was included in the motion in limine and referenced during the oral motion to sever, its admission into evidence has not been raised as an issue on appeal. Accordingly, it will not be considered here.

. We are reluctant to deem the statement an admission by silence. To determine whether a person's silence constitutes an admission under section 90.802, Florida Statutes (1993), the circumstances and the nature of the statement must be considered to see if it would be expected that a person would protest if the statement were untrue. Privett v. State, 417 So.2d 805, 806 (Fla. 5th DCA 1982). Once it is determined that a statement is of such character, there are numerous factors required to be present to show that an acquiescence did occur. Id. We find that these factors were not adequately shown by the prosecutor to be present so as to justify its use against defendant as substantive evidence of his guilt. We also flatly reject the state’s attempt to assert the statement was not hearsay. Clearly, the state intended to introduce the statement as substantive evidence. See generally Conley v. State, 620 So.2d 180, 183 (Fla.1993).

. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) (defendant’s sixth amendment right to confront his accuser is violated when a codefendant’s statement is admitted into evidence and where the codefendant will not be available for cross-examination).

. In Bourjaily v. U.S., 483 U.S. 171, 183, 107 S.Ct. 2775, 2783, 97 L.Ed.2d 144 (1987), the United States Supreme Court stated that "there can be no separate Confrontation Clause challenge to the admission of a co-conspirator’s out-of-court statement.” In other words, once it has been determined that the requirements of federal rule 801(d)(2)(E) have been satisfied, the reliability of the statement has been shown and there is no confrontation problem. The federal rule is nearly identical to rule 90.803(18)(e) of the Florida Evidence Code.
We note that in Bourjaily, the Court held that in making a preliminary determination of the conspiracy, a court could examine the hearsay statements sought to be admitted. As Florida does not have a counterpart to the Federal rule relied upon, the Florida Supreme Court in Romani v. State, 542 So.2d 984 (Fla.1989), resolved the conflict by declining to adopt the federal approach and by requiring independent evidence to prove the conspiracy and each member's participation in it. However, we are not faced with this problem here because, as noted earlier, there is sufficient independent evidence, apart from any hearsay, of a conspiracy involving defendant and codefendant.