# Third District Court of Appeal

## State of Florida

Opinion filed January 24, 2024.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D23-0529
Lower Tribunal No. F14-24825A

————————————

**Benjamin Curry,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Miguel M. de la O, Judge.

Clayton R. Kaeiser, P.A., and Clayton R. Kaeiser, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before EMAS, HENDON and BOKOR, JJ.

PER CURIAM.

Affirmed. See Shere v. State, No. SC15-1604, 2016 WL 3450466, at *1 (Fla. June 23, 2016) ("Shere's argument that he cannot be convicted as principal under section 777.011, Florida Statutes, for first-degree murder because his codefendant was only convicted of second-degree murder is completely without merit. Shere has not pointed to any case law, language within the 'principal in the first degree' statute, or anything else to demonstrate his claim that section 777.011 requires his judgment to be revised once his codefendant is convicted of a lesser degree of crime."); see also State v. Powell, 674 So. 2d 731, 733 (Fla. 1996) (ruling that the rule of consistency, which applies when conspirators are tried together, is not applicable in Florida except "when verdicts against one defendant on legally interlocking charges are truly inconsistent"); Eaton v. State, 438 So. 2d 822, 823 (Fla. 1983) (explaining that "a defendant tried separately from his co-conspirators is not entitled to raise the conviction of a co-conspirator for a lesser offense as a bar to his own conviction for a greater offense").