**Richard A. GARCIA, Petitioner–Appellee,**

v.

**Everett T. PERRINGER and Robert Butterworth, Respondents–Appellants.**

**No. 88–3411.**

United States Court of Appeals, Eleventh Circuit.

July 24, 1989.

---

Gary O. Welch and Joseph R. Bryant, Asst. Attys. Gen., Tampa, Fla., for respondents-appellants.

Dominic J. Baccarella, Tampa, Fla., for petitioner-appellee.

Before HILL and EDMONDSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

PER CURIAM:

This appeal is from the district court's grant of a writ of habeas corpus because of insufficient evidence. Because the district court granted habeas relief based on a state law issue, we reverse.

BACKGROUND

The evidence at trial showed that as part of an investigation, Agent Juan Perez, posing as a cocaine supplier, met with Marcus Betancourt. Betancourt told Perez that he and his "brother" had a buyer for four kilograms of cocaine to be supplied by Perez and that they could complete the transaction at a location Betancourt called "my brother's house." Betancourt led Perez to the designated house, which belonged to petitioner Richard A. Garcia. Once inside, Betancourt told Perez that his "brother" was in another room with the buyer.

When Garcia emerged, Betancourt introduced him as his "brother." Perez suggested to Garcia that they complete the transaction the next day. Garcia replied that the entire transaction had to be completed immediately and then walked away into a bedroom. Another officer brought in one kilogram of cocaine wrapped in duct tape, and Betancourt received it. The police then arrested everyone in the house.

The Florida trial court instructed the jury on the elements of the Florida offense of trafficking in cocaine including the element of selling, delivering or possessing the substance. The Florida court went on to define possession. The accuracy of these instructions are not at issue in this collateral proceeding.

Petitioner claims that the admission of hearsay testimony violated his Sixth Amendment rights and that his conviction on constitutionally insufficient evidence violated his due process rights. The district court rejected Garcia's Sixth Amendment claim, but granted the writ holding that Garcia's conviction was not supportable under Florida law. The respondent filed a motion to alter or amend arguing that the district court improperly reversed the state court's resolution of state law. The district court denied the motion.

DISCUSSION

Fla.Stat.Ann. sec. 893.135(1)(b) (West 1989) defines the crime of trafficking in cocaine: "Any person who ... is knowingly in actual or constructive possession of, 28 grams or more of cocaine ... is guilty of ... 'trafficking in cocaine.'" The federal district court held that Garcia's conviction for trafficking in cocaine was not supportable because the possession of the cocaine by Betancourt was not "legal possession" under the authority of *Garces v. State*, 485 So.2d 847 (Fla. 3d Dist.Ct.App.1986). Therefore, according to the district court, Betancourt's legally insufficient possession could not provide a basis for Garcia's constructive possession under Fla.Stat. sec. 777.011, which makes a criminal defendant constructively liable for his codefendant's possession.

Under 28 U.S.C. sec. 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Whether possession prior to the final con-

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by desig-

nation.

summation of a drug transaction is sufficient possession for conviction under sec. 893.135(1)(b) is a question of Florida law. Counsel for petitioner admitted at oral argument that this issue was presented to the state appellate court on direct appeal. Although the state court of appeals did not specifically address this issue in its written opinion, it clearly found "no merit in Garcia's remaining claims of error." *See Garcia v. State,* 492 So.2d 819 (Fla. 2d Dist.Ct. App.1986). This settled the state law questions.

"In a federal habeas corpus proceeding, a federal court is bound by the state court's interpretation of a state criminal statute." *Bronstein v. Wainwright,* 646 F.2d 1048, 1050 (5th Cir. Unit B 1981). Here, the federal district court, citing state appellate decisions, held that the interpretation of state law pressed by the state and already upheld by a state appellate court was wrong. Even if the state appellate court on Garcia's direct appeal misinterpreted Florida's law, "[w]e cannot treat a mere error of state law ... as a denial of due process; otherwise, every erroneous decision by a state court on state law would come here as a federal constitutional question." *Gryger v. Burke,* 334 U.S. 728, 731, 68 S.Ct. 1256, 1258, 92 L.Ed. 1683 (1948). "[A] state's interpretation of its own laws provides no basis for federal habeas relief since no question of a constitutional nature is involved." *Beverly v. Jones,* 854 F.2d 412, 416 (11th Cir.1988).

Conviction based on evidence insufficient to satisfy an element of a crime under state law is a federal constitutional issue. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). But this case involves no sufficiency of the evidence question. Under the Florida trial court's instructions, a rational jury could have found beyond a reasonable doubt that Betancourt possessed the cocaine. There is no dispute over whether any particular element of this offense has been proved beyond a reasonable doubt. The dispute here is over the significance under Florida law of the facts which were proved.

This is not a federal issue. Garcia does not argue that the construction of the statute under which he was convicted is necessarily unconstitutional, and the federal district court did not decide that conviction under the state statute as interpreted by the state would be fundamentally unfair. The district court granted this habeas petition based on a state law issue.

CONCLUSION

Because it improperly substituted its interpretation of state law for that of the state appellate court, the judgment of the district court is REVERSED.