[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12885
Non-Argument Calendar

_____

D. C. Docket No. 06-02531-CV-RWS-1

JANICE CARLISLE,

Petitioner-Appellant,

versus

R. L. CONWAY,
Sheriff, Gwinnett County, Georgia,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 29, 2008)**

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Janice Carlisle, a Georgia state prisoner convicted of stalking and aggravated stalking, appeals the district court's denial of her petition for habeas relief, 28 U.S.C. § 2254. Because we conclude that the state court's decision was not contrary to or an unreasonable application of federal law, we affirm.

According to the record, Melissa Bailey had dated Todd Gibbs for two years before she ended the relationship, at which time Gibbs began stalking Bailey. Although Carlisle did not know Bailey, she and Gibbs were friends. Carlisle placed calls to Bailey at work and at home, followed Bailey, and took pictures, which she gave to Gibbs. After Bailey moved to avoid Gibbs, Carlisle mailed a certified letter to Bailey's prior address in order to discover the new address. Thereafter, Gibbs began contacting Bailey directly. Carlisle v. State, 273 Ga. App. 567, 568 (Ga. Ct. App. 2005). Carlisle apparently knew that Gibbs was stalking Bailey, and she told a friend that she was helping Gibbs "for the money." Police issued a stalking warrant, after which Carlisle contacted Bailey's family and asked if police were trying to arrest Gibbs for stalking. On November 12, 1996, Gibbs was arrested, but released on bond with the condition that he have no contact with Bailey. Carlisle told a friend that she knew Gibbs had been arrested because he violated a restraining order. Id. at 569. On December 20, 1996, Bailey returned to her apartment and found Gibbs attempting to gain entry. When the police arrived,

2

they found Carlisle in the car in front of the apartment and Gibbs attempting to break into Bailey's home. Carlisle admitted that she knew Gibbs was trying to break into the apartment. While in jail, Gibbs attempted to contact Bailey, but was limited to collect calls through the operator. Calls on Bailey's answering machine included the collect-call greeting. Gibbs then used Carlisle to make a three-way call to Bailey. Carlisle was then arrested and charged with stalking and aggravated stalking. Id.

Following a bench trial, Carlisle was convicted on both counts. Id. at 567. On appeal, the Georgia Court of Appeals overturned the conviction for aggravated stalking, finding that the evidence was insufficient to show that Carlisle knew Gibbs was subject to a condition of bond to stay away from Bailey, as alleged in the indictment. Id. at 572.

The Georgia Supreme Court reversed in part, concluding that the evidence was sufficient to establish that Carlisle was aware of a court order prohibiting Gibbs from contacting Bailey. The court further held that the state was not required to prove the specific type of court order that prohibited contact. Based on the evidence, the court then concluded a reasonable fact finder could have found Carlisle knew of a court order prohibiting Gibbs from having contact with Bailey. State v. Carlisle, 280 Ga. 770, 772 (Ga. 2006). Carlisle filed for certiorari, which

3

the U.S. Supreme Court denied. Carlisle then filed the instant § 2254 petition, arguing that her conviction was based on insufficient evidence, in violation of Jackson v. Virginia, 443 U.S. 307 (1979).

The magistrate judge recommended denying the petition because there was sufficient evidence for a reasonable trier of fact to conclude that Carlisle knew there was a court order, and that state law did not require that she knew the type of order at issue. The district court adopted the magistrate judge's recommendation, over Carlisle's objections, and denied relief. The district court granted a certificate of appealability on the issue of sufficiency of the evidence.

We review the district court's denial of habeas relief de novo, while factual findings made by the district court are reviewed for clear error. Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). In reviewing a state court's decision denying habeas relief, a federal court is prohibited from granting habeas relief unless the state decision was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth

4

by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case." Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id.

The Supreme Court has held, in the context of a state prisoner's habeas challenge to the sufficiency of the evidence to support her conviction, that the "critical inquiry" is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original), overruled on other grounds by Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Court noted that it is the duty of the trier of fact "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts," and stressed that a reviewing court may not substitute its judgment as to whether it believes the evidence to be sufficient to sustain a conviction. Id. In addition, "[i]n a federal habeas corpus proceeding, a federal court is bound by the state court's

interpretation of a state criminal statute." Garcia v. Perringer, 878 F.2d 360, 362 (11th Cir. 1989) (citing Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. Unit B 1981)).

Moreover, a state court's factual findings are presumed correct, and the petitioner can rebut them only by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). For a state court's adjudication to result in an unreasonable determination of the facts in light of the evidence presented, "[n]ot only must the factual determination have been unreasonable, but the state court's factual findings must be shown unreasonable by clear and convincing evidence." Callahan v. Campbell, 427 F.3d 897, 926 (11th Cir. 2005). The burden is on the petitioner to establish that the factual findings are unreasonable. See 28 U.S.C. § 2254(e)(1). Moreover, in a habeas petition challenging the sufficiency of the evidence, it is the petitioner's burden to produce the relevant portions of the record. 28 U.S.C. § 2254(f).

The state trial transcripts are not part of the record on appeal. Thus, Carlisle has not met her burden and we defer to the state court's factual findings, as recited in the court opinions.

In Georgia, a person commits the offense of aggravated stalking

when such person, in violation of a bond to keep the peace . . . , temporary restraining order, temporary protective order, permanent

6

restraining order, permanent protective order, preliminary injunction, good behavior bond, or permanent injunction or condition of pretrial release, condition of probation, or condition of parole in effect prohibiting the behavior described in this subsection, follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person.

O.C.G.A. § 16-5-91(a). Here, Carlisle's friend Dana Roberts testified that Carlisle told her that Gibbs had violated a restraining order. Carlisle made this statement after Gibbs's November arrest but prior to the December arrest. Carlisle also told Roberts that Gibbs was seeking psychiatric care in an effort to have the charges dropped, and he received this care before his December arrest. Cathy Clark testified that Carlisle discussed her efforts to help Gibbs stalk the victim, and that Carlisle knew Gibbs was not "supposed to be around" the victim and that "he had already been charged or arrested for stalking" her. 280 Ga. at 773-774.

Deferring to the state court's factual findings and its interpretation of its own laws, there was sufficient evidence to establish the elements of aggravated stalking. The testimony presented would have permitted a reasonable trier of fact to conclude that Carlisle was aware that Gibbs was under a court order to refrain from contacting the victim. The fact that Carlisle may not have known the exact type of court order is not relevant, as the Georgia Supreme Court has held that the type of order is not an element of the offense. See id. at 772.

7

Because Carlisle has not shown the state court's factual findings to be unreasonable, and this court must defer to the state court's findings, there was sufficient evidence presented for a reasonable trier of fact to find Carlisle guilty of aggravated stalking. Accordingly, the state court's decision was not contrary to nor an unreasonable application of federal law, and we **AFFIRM** the denial of habeas relief.